IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cr. No. 20-CR-01370-KWR |
| | ) |
| JULIAN LUCAS GARCIA, III, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' NOTICE OF INTENT
TO INTRODUCE EXPERT WITNESS TESTIMONY**

The United States of America gives notice to Defendant Julian Lucas Garcia III under Rule 16(c) of the Federal Rules of Criminal Procedure and Rules 702, 703 and 705 of the Federal Rules of Evidence that it intends to offer expert testimony in its case-in-chief. The experts that the United States may call and their anticipated testimony include:

1. Dr. Samuel Kleinman is a forensic toxicologist who is presently the Forensic Toxicology Bureau Chief at the New Mexico Department of Health Scientific Laboratory Division. Dr. Kleinman is trained in retrograde extrapolation to estimate a person's Blood Alcohol Content (BAC) at the time of driving based upon a chemical test taken afterward. In this case, the Defendant was seen drinking prior to recklessly driving his vehicle into the victim, causing her life-threatening and permanent injuries. Additionally, after the crash, multiple officers smelled the odor of alcohol from the Defendant and the Defendant admitted to a New Mexico State Police officer that Defendant was the driver of the vehicle in the crash and that he had been drinking. In medical records from Presbyterian Hospital Española, treating practitioners note that Defendant was "very intoxicated." However, a blood draw from the Defendant pursuant to a warrant six (6) hours after the crash rendered a 0.0% BAC finding. The United States anticipates that Dr. Kleinman will testify

that a person of the Defendant's specific height and weight with a 0.0% BAC six hours after a crash may have been intoxicated at the time of the crash notwithstanding the later blood alcohol level finding.

      2.   Sergeant Stanley Lundy is a law enforcement officer in the New Mexico Department of Public Safety and the Commander of the New Mexico State Police Crash Reconstruction Unit (NMSP CRU). He maintains license #2695 from the Accreditation Commission for Traffic Accident Reconstructionists in addition to having undergone numerous specialized trainings over time, gaining experience through approximately 15 years as a member of the NMSP CRU, and teaching as an adjunct instructor in crash reconstruction courses for the Institute of Police Technology and Management. He has been qualified and testified in numerous state district courts in the State of New Mexico. Sergeant Lundy participated in crash reconstruction analysis in this case. Thus, Sergeant Lundy is familiar with the facts of this case and specifically that the Defendant, while recklessly and illegally driving an all-terrain vehicle (ATV) without headlights on a state roadway after dark, hit the victim at some speed over 30 miles per hour and threw her body approximately 69 feet. The United States anticipates that Sergeant Lundy will provide his opinions and supporting evidence regarding the cause and effects of the crash based on upon his specialized technical knowledge, his observations, photographs, and measurements taken at the scene.

      The above-described expert testimony and evidence are offered to aid the jury in understanding the evidence and determining the issues of the case. The curricula vitae for both experts are attached as Exhibits 1 and 2 for the Court's reference.

      The United States respectfully requests that the Court exercise its "special gate keeping obligation" and determine that the proposed testimony of these witnesses is admissible, as the witnesses have "a reliable basis in knowledge and experience" in their disciplines. *See Kumho Tire*

*Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221-22 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003 (2003).

It is within the "broad discretion" of the Court to determine the means for assessing an expert's reliability and in making the ultimate determination of reliability. *Dodge v. Cotter Corp.*, 328 F.3d at 1222. As the proposed testimony is not atypical testimony regarding matters of blood alcohol retrograde extrapolation or accident reconstruction, the United States respectfully requests that the Court treat this Notice as a proffer on the training and background of these witnesses and issue an order recognizing the witnesses as experts and permitting the introduction of their testimony. Specifically, the United States asks that the Court make a finding, upon hearing testimony, that the testimony of these witnesses have "a reliable basis in the knowledge and experience of [their relevant] discipline[s]." *See Id.*, *quoting Kumho Tire*, 526 U.S. at 149. The United States respectfully requests that the Court reserve its "reliability determination" until the United States introduces into evidence the experience and training of the witnesses at trial.

Respectfully submitted:

JOHN C. ANDERSON
United States Attorney

*Electronically filed on September 25, 2020*
ALEXANDER F. FLORES
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 25, 2020, I
filed the foregoing electronically through the
CM/ECF system, which caused counsel of record
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.

*/s/ Filed electronically*
ALEXANDER F. FLORES
Assistant United States Attorney