**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                    **CR. NO. 20-1370 KWR**

**JULIAN LUCAS GARCIA, III,**

        **Defendant.**

**THIRD UNOPPOSED MOTION TO CONTINUE TRIAL
AND MOTION TO EXTEND TIME TO FILE MOTIONS**

The Defendant Julian Lucas Garcia, III (Mr. Garcia), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for December 14, 2020, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Garcia would show the Court the following:

1.      Mr. Garcia was indicted on June 9, 2020, on a single count of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6), Doc. 4. Undersigned counsel was appointed to represent Mr. Garcia on June 18, 2020, Doc. 7. The government filed a Superseding Indictment and added an additional count or charge to the indictment, to wit: Operating an Off-Highway Vehicle on a Paved Street or Highway, in violation of §§ 12 and NMSA 66-3-1011, Doc. 30.

2.      This Court has granted two prior continuances of trial, Doc. 20 and Doc. 28

3.      A continuance is requested so that the undersigned counsel can complete his investigation and so that the parties can attempt to resolve outstanding discovery matters.

4.      After the appointment of Mr. David Torres as a defense retained accident reconstruction expert witness, Mr. Torres has requested additional relevant information to finalize his report. This information includes a request to locate and interview witnesses who can provide information regarding any prior, non-accident related damage to the subject ATV. In addition, Mr. Torres has requested undersigned counsel's assistance to secure the accident victim's (Deann Martinez) cell phone records – specifically cell phone usage information at or near the time of the accident. The accident was reported to the police on July 4, 2019 at 9:19 pm, and based on a review of witness statements, the subject accident occurred within minutes of the accident being reported to the police.

Once Mr. Torres obtains the information requested above, he will complete his report and provide a copy of the same to the government, so that the government will have the time and opportunity to review and respond to the Mr. Torres' report.

5.      Regarding the requested cell phone records, defense counsel has filed a discovery motion requesting the requested cell phone records, which motion is opposed by the government and now pending before the Court.

6.      Second, in response to a previously issued government subpoena, Presbyterian Hospital disclosed to the government medical records of Mr. Garcia's accident related medical treatment following the accident. In the medical records, there is reference to statements made by Mr. Garcia, and there is referenced to the presence of a third person whose status as a medical provider is unknown and who the defense may wish to interview. Opposing counsel, AUSA Flores, has suggested that pursuant to Mr. Garcia's consent, opposing counsel and undersigned counsel jointly schedule a meeting with the treating medical providers to ascertain, prior to trial,

the medical treatment provided to my client and the identity of all persons present during said treatment.

7.      In addition, regarding Mr. Garcia's accident related medical treatment, the defense is attempting to locate the ambulance or EMT records pertaining to Mr. Garcia's accident related medical treatment. Those records were not included as part of the records subpoenaed by the government from Presbyterian Hospital and disclosed by the defense. Presently, the government and undersigned counsel are jointly attempting to locate and secure a copy of said ambulance / EMT records.

8.      Third, the subject accident occurred in a rural area of Rio Arriba County, and occurred in the presence of a relatively large crowd of people gathered to see a Fourth of July fireworks show. Based on the discovery provided by the government and information obtained from Mr. Garcia and his family, there are numerous witnesses that undersigned counsel seeks to interview. Milton Rodriguez, the private investigator working with undersigned counsel in this case, has interviewed some but not all these witnesses. Most of these witnesses reside outside of Albuquerque, in Rio Arriba County and Taos County. Mr. Rodriguez was initially delayed due to an adverse health condition, from which he has now fully recovered, from travelling to Rio Arriba and Taos County to locate and interview all said witnesses. Currently, his effort to locate and interview these witnesses will be delayed for at least and additional two weeks, if not longer, due to newly implemented state law COVID-19 restrictions.

9.      Undersigned counsel requests additional time to complete the tasks and litigation identified above to determine the impact the additional information and discovery may have on ongoing plea negotiations or preparation for trial.

10.     To effectively represent Mr. Garcia and properly prepare his defense for trial, undersigned counsel requires additional time to provide Mr. Torres with the information he has requested so that he can complete his accident reconstruction investigation of this case, to complete all witness interviews, and to obtain the additional relevant cell-phone discovery and ambulance / EMT records.

11.     Mr. Garcia is not in custody and has been fully compliant with his conditions of release.

12.     The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). In sum, a continuance is requested to allow undersigned counsel additional time to obtain and evaluate additional requested discovery and to provide the same to the defense retained expert so that said expert can finalize his report and disclose said report to the government.

13.     Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye,* 566 U.S. 133 (2012).

14.     Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

15.     The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

16.     Opposing counsel, AUSA Alexander Flores, does not oppose the relief requested.

WHEREFORE, Mr. Garcia respectfully moves this Court to vacate the trial setting of December 14, 2020, and to grant a corresponding extension of time to file motions.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Alexander Flores.

By:     */s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.