IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-CR-01370-KWR |
| | ) | |
| **JULIAN GARCIA III**, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>UNITED STATES' RESPONSE TO</u>
<u>DEFENDANT'S OPPOSED MOTION FOR DISCOVERY</u>

The United States respectfully submits this response to Defendant's Opposed Motion for Discovery Under Fed. R. Crim. P. 16, filed on November 16, 2020. (Doc. 37). The Court should deny the motion because it seeks material not in the possession of the United States, because it is speculative, and because it does not sound in *Brady* disclosure obligations.

### I. FACTUAL BACKGROUND

There is no evidence that Jane Doe, the victim in this case, was on her phone at the time she was struck by defendant, who was recklessly and illegally driving his all-terrain vehicle on a roadway while under the influence of alcohol. The accident in question resulted in an indictment by the grand jury on June 9, 2020 for one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1152 and 113(a)(6). (Doc. 2). On September 10, 2020, the grand jury approved a superseding indictment which also charged a violation 18 U.S.C. § 13 and NMSA § 66-3-1011 (1978): Operating an Off-Highway Vehicle on a Paved Street or Highway. The superseding indictment alleges that on July 4, 2019, the Defendant struck Jane Doe with an all-terrain vehicle (ATV), being illegally operated on a roadway, within the exterior boundaries of the Ohkay

Owingeh Pueblo Indian Reservation, Indian Country, in the District of New Mexico. *Id*. The incident occurred at approximately 9:25 PM near the intersection of State Road 291 (SR291) and North McCurdy Road, Ohkay Owingeh, New Mexico.[1]  Jane Doe was crossing the road from the south to north side on foot around dusk when the defendant, driving an ATV westbound on SR291 at a high speed and with the headlights off, struck Jane Doe and threw her sixty-nine (69) feet from the impact point. Witnesses observed Defendant consuming alcohol and driving the ATV recklessly along the road before he hit Jane Doe.

The defendant's recitation of facts in support of the motion for discovery mischaracterizes the record. Def's Mot. 2. (Doc. 37). Jane Doe did not receive a phone call from her cousin who was "parked nearby." *Id*. Nor did Jane Doe inform her cousin, via phone, "that she was going to walk across the highway." *Id*.

Exhibit 1 to this response contains the narrative of facts written by Special Agent Carleen Fischer from Jane Doe's husband, Leon Gallegos, who witnessed the collision and which defendant apparently uses as the source for the mischaracterization of facts seen in his motion. The relevant portion of the witness' account is included here in full and is included as Exhibit 1 to this response:

> They parked on the side of the road on the right side where there are two pull-offs. His friend was at second pull-off so they stopped to talk to him. Gallegos said they were trying to figure out where to park and his friend told them to just park there. Gallegos parked his bike in front of his friend's truck. [Jane Doe] got a call from her cousin Leanna and told her to park there for the fireworks. [Jane Doe] told her there was parking on the other side of the road (north side). [Jane Doe] crossed from the south side to the north side. Her cousin pulled up and [Jane Doe] crossed back to where Gallegos was at. Right before it started getting dark, [Jane Doe] was going to go back over and talk to Leanna. At the time it was "darkish." Gallegos told her to be careful. As he watched her cross, around the intersection of McCurdy

---

1 Defendant alleges the time of the accident to be 9:19PM that evening. The precise timing of the accident is unknown and likely to be an issue for determination by the fact finder.

and SR291, there was a car parked with their headlights on toward the east. When [Jane Doe] crossed the east bound lane he could see her silhouette. [Jane Doe] got to the center line. Gallegos said as she crossed the center line, the roar of the ATV tires on pavement caught his attention. [Jane Doe] walked right into the path. Gallegos saw the impact and saw [Jane Doe] go air-born.

This narrative makes two facts clear. First, Jane Doe did, indeed, receive a call earlier in the night. Second, the call took place long before the collision and there is no evidence that Jane Doe was on the phone when she crossed the road and was hit by defendant on his ATV.

## II. DISCUSSION

### A. THE COURT SHOULD DENY DEFENDANTS' MOTION BECAUSE THE REQUESTED MATERIAL IS NOT DISCOVERABLE

To establish a right to discover documents or objects under Rule 16 of the Federal Rules of Criminal Procedure, the defendants must show that each item they demand is "within the government's possession, custody, or control," and the item is "material to preparing the defense," is something the United States intends to use in its case in chief, or is something taken from or that belongs to the defendant. *See* Fed. R. Crim. P. 16(a)(1)(E).

### B. THE REQUESTED MATERIAL IS NOT IN THE UNITED STATES' POSSESSION, CUSTODY, OR CONTROL

As noted in the Defendant's Motion, the defendants' request concerns materials that are not in the possession, custody, or control of the United States. Def's Mot. 4. (Doc. 37). If the requested cell phone records exist, they are in the possession of a private party (likely the cellular phone service provider or in the possession of the victim or her family). Indeed, the defendants' motion concedes that the United States does not have access to -- let alone possession, custody, or control of -- the requested records. *Id*. (arguing that the United States has "control of the requested information insofar [as] . . . a cooperative government witness . . . will disclose this

3

information to the government upon request."). The defendant's primary argument is that these records will show a phone call at some undetermined time that the defense will strike upon as the time of the collision, and that the information requested is therefore material to the defense. *See Id*. (arguing both that "the accident itself is believed to have occurred within minutes prior to 9:19 pm on July 4, 2019" and "the requested cell phone records are material to his defense, given that they contain information confirming whether [Jane Doe] was using her cell phone at the time of the accident").

Even if this is true, the United States cannot disclose what it does not possess. The plain language of Rule 16(a)(1)(B) and (E) restricts discoverable material under these sections to material that is in the actual possession of the federal government. Further, *United States v. Gatto*, the Ninth Circuit held that the government's obligation to disclose tangible items extends only to items "within the federal government's *actual* possession, custody, or control."[2] 763 F.2d 1040, 1049 (9th Cir. 1985) (emphasis added). Other authorities are in accord. *See, e.g.*, 25 Moore's Federal Practice -- Criminal Procedure § 616.05 (2020) ("[T]he papers, documents, or tangible objects must be in the actual custody or control of the federal government. Objects in the possession of . . . private parties are not discoverable. The defendant is not entitled to discovery of items that the government does not actually have."). Of import to defendant's argument regarding a cooperative witness, it is instructive to note that the mere fact that "information is more easily accessible by the United States does not equate to possession, custody, or control." *United States v. Sandoval*, 2006 WL 4079017, at *2 (D.N.M. No. 04-CR-2362, Browning, J., June 9, 2006). Further, "[it] is well settled that there is no affirmative duty

---

[2] At the time of *Gatto*, documents and objects were covered under subsection (a)(1)(C) of Rule 16. That subsection has since been renumbered as (a)(1)(E).

upon the government to take action to discover information which it does not possess." *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (internal quotation marks omitted); *see also United States v. Fred*, 2006 WL 4061156 at *2 (D.N.M. No. 05-CR-801, Browning, J., Nov. 8, 2006) ("Rule 16 does not obligate the United States to produce information which it does not possess.").

Because the information requested by the defendants is not in the United States' possession, custody, or control, the defendants' motion for discovery should be denied.

## C.   DEFENDANTS HAVE NOT ESTABLISHED THAT THE REQUESTED ITEMS ARE MATERIAL TO THEIR DEFENSE

Even if the defendant was able to establish that the phone records were in the United States' possession, the motion still fails because is it predicated on nothing more than speculation. Evidence is "material" under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, ... or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d at 1466, 1474 (D.C. Cir. 1996). "[A] request for material that may or may not turn up relevant information that would help [a defendant] in the manner of a fishing expedition" is not discoverable under Rule 16. *See Sandoval*, 2006 WL 4079017 at *2. Furthermore, the Supreme Court has held that "in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996).

The defendant argues that he is entitled to the phone records to be able to make a speculative argument that a phone call anytime in the 30 minutes prior to the accident is material to the charge that defendant illegally drove an ATV on a roadway, contrary to the law, while under the influence, recklessly, and without activated headlights after dark before he hit the

victim and left her with life-threatening, permanent injuries. In other words, the defendants seeks to inject an issue of comparative fault into a criminal case centered on a violation of 18 U.S.C. § 113(a)(6), a general intent crime. Defendant also seeks to inject this evidence contrary to the rules of evidence: it would be irrelevant, misleading, and its unfair prejudice would substantially outweigh its probative value. Such a speculative purpose does not meet the materiality standard of Rule 16.

The defendant attempts to twist the timeline of the closest firsthand account to imply that Jane Doe was on the phone at the time of the accident when, in reality, as the exhibit and excerpt above demonstrates, there is no evidence that she was on the phone when she was hit. Accordingly, the defendant's request is not material and not grounded in a good faith basis to believe such evidence exists.

Furthermore, assuming *arguendo* that defendant's request is material, the information he seeks would not serve as a proper defense to the general intent crime charged in this case.

Absent more than speculation that Jane Doe was using her cell phone at the time of this collision, the Court should deny the defendant's motion.

## A. BRADY IS INAPPOSITE AS TO MATERIAL IN THE POSSESSION OF THIRD PARTIES

The government acknowledges that it bears the burden of producing exculpatory materials. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (stating that the prosecution has an affirmative duty to disclose evidence, because "the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of 'reasonable probability' is reached").

However, Defendant's reliance on *Brady v. Maryland*, 373 U.S. 83 (1963), is misplaced given that here, the requested material is not in the United States' possession, custody, or control.

> If the material is in the possession of . . . a private party, the prosecution does not have constructive possession and has no obligation to obtain the evidence and make disclosure. A prosecutor has no duty to undertake a fishing expedition in an effort to find potentially impeaching evidence each time a defendant makes a *Brady* request for information regarding a government witness.

25 Moore's Federal Practice -- Criminal Procedure § 616.06 (2020). *See also U.S. v. Tierney*, *infra*, (*quoting United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)) *and United States v. Kraemer*, 810 F.2d 173, 178 (8th Cir. 1987) (explaining that the prosecution is not required "to search out exculpatory evidence for the defendant").

Indeed, even if the court were to determine that the United States had *constructive* possession of the requested materials, the request for these materials would not appropriately sound in *Brady* and its progeny without some evidence of its value to the defense. This is because mere speculation about evidentiary value is insufficient for a court to order discovery under *Brady*; "[t]he mere possibility that an item of undisclosed information might have helped the defense … does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–110, (1976). *See also, United States v. Sneed*, 34 F.3d 1570, 1580–1581 (10th Cir. 1994) (noting the standard for a defense claim to prevail under *Brady* and holding that speculation as to contents of sealed tape-recorded conversations was insufficient to require further inquiry of the government).

## III. CONCLUSION

The Court should deny defendants' motion because the information it seeks is not in the possession, custody, or control of the United States and because defendants' motion is

7

speculative. Further, there is no *Brady* obligation to disclose evidence which the United States does not possess or control.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 11-18-2020*
ALEXANDER F. FLORES
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I hereby certify that on November 18, 2020, I filed
the foregoing electronically through the CM/ECF
System, which caused counsel for the defendant
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.

*/s/*_____
ALEXANDER F. FLORES
Assistant United States Attorney