**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.                          **No. 20-CR-1370-KWR**

**JULIAN LUCAS GARCIA, III,**

     Defendant.

### DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

COMES NOW, Julian Garcia ("Mr. Garcia"), by and through his counsel of record, Romero & Winder, P.C. (Joe M. Romero, Jr.), hereby respectfully submits this Reply to the United States' Response to Defendant's Motion for Discovery ("Response").

### ARGUMENT

The issue before the Court is straightforward: Mr. Garcia requests *one half hour* of the phone records of Deann Martinez ("Ms. Martinez"), the person injured in the vehicle accident that is the subject of this case. Upon information and belief, due to the injuries suffered in the subject accident, Ms. Martinez lacks competence to either provide the requested cell phone records, to provide the name of her cell phone carrier and her cell phone number, and/or to provide consent for such records and information to be produced.  Mr. Garcia, therefore, moves this Court to order the government to provide access to these records through Leon Gallegos ("Mr. Gallegos"), who is Ms. Martinez' domestic partner and legal guardian. As such, Mr. Gallegos is presumably able to provide the requested information, consent, and access to the requested phone records. Mr. Gallegos is also the government's cooperating eyewitness in this case, as well as himself being a law enforcement officer.

The Federal Rules of Criminal Procedure Rule 16(a)(1)(E) states in its entirety:

(E) *Documents and Objects*. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, *if the item is within the government's possession, custody, or control and:*
      *(i) the item is material to preparing the defense*;
      (ii) the government intends to use the item in its case-in-chief at trial; *or*
      (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. Rule 16(a)(1)(E) (emphasis added).

Ms. Martinez phone records are within the government's control as Mr. Gallegos, a government witness, has access and / or possession of said records. The government concedes that Rule 16 requires disclosure of information within the federal government's control. Doc. 40, at 4. Without Mr. Gallegos' cooperation, Mr. Garcia cannot access the requested phone records as he is unfamiliar with the identity of Ms. Martinez's cell phone carrier. In addition, Mr. Garcia lacks access or control over Mr. Gallegos since 1) Mr. Gallegos is the government's witness in this case, and 2) Mr. Gallegos has previously threatened and battered Mr. Garcia.

The phone records are material to Mr. Garcia's defense as these records could confirm whether Ms. Martinez was using her phone at the time of the accident. *See United States v. Lloyd*, 992 F.2d 348, 350-51 (D.C.Cir.1993) (explaining that under Federal Rule of Criminal Procedure 16(a) the "materiality standard is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" (internal quotation marks and citations omitted)).

In this case, the defense retained accident reconstructionist has requested the subject records, as said records may assist him in explaining Ms. Martinez' conduct prior to and at the time of the accident. *See United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995) (to show

2

materiality, "a defendant must demonstrate that the object would have been helpful to his or her defense"); *see, e.g., United States v. Marshall*, 328 U.S. App. D.C. 8, 132 F.3d 63, 67-68 (D.C. Cir. 1998) ("helpful" means relevant to preparation of the defense and not necessarily exculpatory).

Mr. Garcia has a constitutional right to discover evidence that may be exculpatory. The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

The government argues that "there is no evidence" that Ms. Martinez was on her phone at the time of the accident. Doc. 40, at p. 1. The defense, however, submits that the requested phone records *are the evidence* that would address this issue. To wit, the government provides a redacted account of Mr. Gallego's version of the accident confirming that Ms. Martinez was on her phone near the time of the accident. Doc. 40-1. The requested phone records will assist the trier of fact in understanding or determining whether Ms. Martinez was distracted, using her cell phone, as she attempted to cross a highway and walked into the path of the non-speeding ATV driven by Mr. Garcia.

The government's asserts that the cell phone record is not material to Mr. Garcia's defense. The government supports its argument by claiming that Ms. Martinez' potential comparative fault has no place in a general intent crime. Doc. 40, at pp. 5-6. Mr. Garcia disputes the government's theory of criminal conduct and instead contends that the incident was an accident contributed to by the negligent acts of Ms. Martinez.

As a matter of law, "[a] person is guilty of assault if he ... purposely, knowingly or recklessly causes bodily injury to another." *See United States v. Pettigrew*, 468 F.3d 626, 639 (10th Cir. 2006)(quoting *Model Penal Code*). The applicable jury instructions for this offense require the government to prove that a defendant acted "intentionally" in striking the assault victim. *Id.* In the context of a vehicle accident, an allegation of assault may be challenged by a showing that the causal chain of knowledge and intentionality which is attributed to a defendant may be broken by the negligent acts of a pedestrian victim. As such, evidence of the negligent acts of the pedestrian victim, at or near the time of the subject event, is certainly relevant and material as a possible defense to the government's claim that Mr. Garcia knowingly and intentionally struck Ms. Martinez.

Further, by seeking the requested evidence, Mr. Garcia is exercising his right to assess and argue facts which support his theory of the underlying events. *See Ramirez v. Lynch*, 810 F.3d 1127, 1137 (9th Cir. 2016) (the jury deliberated on whether the defendant was negligent or criminally liable under a *mens rea* of general intent). Mr. Garcia's attempt to secure evidence which may establish the accident victim's contributory negligence is a permissible and relevant contrary theory of the case and defense to the government's charge.

The government appears to presume that its criminal theory of the case based on its own recitation of the facts are indisputable and must simply be accepted by the Court and the parties. Doc. 40, at p. 6. Contrary to the government's position, it is Mr. Garcia's constitutional right under the Sixth Amendment to present a defense in this case. "'Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.'" *Williams v. Lord*, 996 F.2d 1481,

1483 (2d Cir. 1993) (*quoting Crane v. Kentucky,* 476 U.S. 683, 690 (1986) (citations omitted)).

As such, the government's position opposing Mr. Garcia's right to establish a defense based on

relevant and material facts is simply mistaken.

Mr. Garcia respectfully requests this Court to grant his Motion for Discovery.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Garcia respectfully requests the Court to

issue an order requiring the government to produce Ms. Martinez' July 4, 2019, cell phone

records for the half hour period from 8:49 pm to 9:19 pm. In the alternative, Mr. Garcia requests

this Court to order the government to provide the name of Ms. Martinez' cell phone carrier and

her cell phone number, and/or for Mr. Gallegos to provide consent for production of the

requested record.

Respectfully Submitted,

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.
Romero & Winder, PC
Attorney for Julian Lucas Garcia
P.O. Box 25543
Albuquerque, N.M. 87125
(505) 843-9776
EM: joe@romeroandwinder.com

## Certificate of Service

I hereby certify that, on December 2, 2020, the foregoing pleading was filed
electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the
parties and/or their counsel to be served by electronic transmission, as more fully reflected by the
Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*

Joe M. Romero, Jr.