# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                                                    No. 1:20-cr-1370-KWR

JULIAN LUCAS GARCIA III,

      Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCOVERY

THIS MATTER comes before the Court on Defendant's Motion for Discovery Pursuant to Rule 16(a)(1)(E)(i) and *Brady v. Maryland*, filed November 16, 2020 (**Doc. 37**).

Defendant seeks the victim's cell phone records pursuant to Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Having reviewed the parties' briefs and the applicable law, the Court grants in part and denies in part Defendant's motion as described below.

Defendant is charged with assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1152 and 113(a)(6). Defendant was driving an ATV and hit the victim when she was crossing the road. Defendant was allegedly driving drunk, speeding, and driving without headlights on at night or dusk. Moreover, a witness allegedly saw him driving recklessly.

Defendant alleges that the collision was a mere accident caused by the victim's negligence, because she was allegedly walking across the road on her cell phone.

The victim is apparently incapacitated from her injuries, so Defendant seeks her cell phone records from her partner and legal guardian, Mr. Gallegos, to show that she was on the phone while

crossing the road. Defendant asserts that the 911 call came in at 9:19 p.m. Defendant seeks the victim's cell phone record from 8:49 p.m. to 9:19 p.m.

Under Fed. R. Crim. P. 16(a)(1)(E), an item is discoverable if it is "within the government's possession, custody, or control and… the item is material to preparing the defense." Similarly, In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

Although Rule 16's language is permissive, it does not authorize "a blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition." *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988) (citing *Jencks v. United States*, 353 U.S. 657, 667 (1957)). A defendant must make a *prima facie* showing of materiality before he is entitled to obtain requested discovery. *See United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* Rule 16 also does not obligate the United States to "take action to discover information which it does not possess." *United States v. Badonie*, 2005 WL 2312480, at *2 (D.N.M. Aug. 29, 2005) (quoting *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991)) (internal quotation marks omitted).

Evidence is "material" under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, ... or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (internal

quotation marks omitted) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)) (internal quotation marks omitted). "

The Government's duty includes "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 434 & 437 (1995); *see U.S. v. Velarde,* 485 F.3d 553, 559 (10th Cir. 2007). The government is not required to produce evidence simply because it might be exculpatory. *United States v. Agurs*, 427 U.S. 97, 110, n. 16 (1976).

Defendant requests that the court issue an order (1) directing the government to produce the cell phone records of the victim; (2) the victim's cell phone number and carrier so that he can obtain the records from the carrier; or (3) Mr. Gallegos' consent to produce the records.

Initially, the Court need not compel the Government to produce the requested discovery because there is nothing to suggest that the victim was using her cell phone while crossing the road, and it is speculative to assume that the cell phone records contain anything exculpatory. *United States v. Harry*, 816 F.3d 1268, 1278 (10th Cir. 2016). The government is not required to produce evidence simply because it might be exculpatory. *United States v. Agurs*, 427 U.S. 97, 110, n. 16 (1976) ("It is not to say that the State has an obligation to communicate preliminary, challenged, or speculative information."); *United States v. Fleming*, F.3d 1325, 1331 (10th Cir. 1994) (noting "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard.").

Moreover, Defendant's requested information does not appear to be in the possession, custody, or control of the Government. Defendant requests the cell phone records from the victim's phone from her legal guardian and partner, Mr. Gallegos. It is unclear whether Mr. Gallegos has control or possession over the cell phone records. Assuming he does, items in the

possession of witnesses are not in the actual or constructive control or possession of the Government.  *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1231 (D.N.M. 2008) (stating there is no affirmative duty to discover information in possession of independent, cooperating witness and not in government's possession)(internal citations omitted); *United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999) (items in possession of state not imputed to federal prosecutors); *United States v. Robertson*, No. 17-CR-02949-MV-1, 2020 WL 6786186, at *2 (D.N.M. Nov. 18, 2020) (declining to compel government to obtain medical records from UNM hospital);*United States v. Meregildo*, 920 F. Supp. 2d 434, 445 (S.D.N.Y. 2013) (government did not possess Facebook posts which were in possession of cooperating witness); 25 Moore's Federal Practice -- Criminal Procedure § 616.06 (2020) ("If the material is in the possession of . . . a private party, the prosecution does not have constructive possession and has no obligation to obtain the evidence and make disclosure. A prosecutor has no duty to undertake a fishing expedition in an effort to find potentially impeaching evidence each time a defendant makes a *Brady* request for information regarding a government witness.").

Even if the requested discovery is in the possession of the Government, it is unclear whether the requested discovery is material or exculpatory.  Defendant argues that he did not drive recklessly.  Assault resulting in substantial bodily harm is a general intent crime.  18 U.S.C. § 113(a)(6).  Drunk-driving may constitute recklessness satisfying the general intent requirement under this statute.  *United States v. Zunie*, 444 F.3d 1230, 1233–34 (10th Cir. 2006); *United States v. Pettigrew*, 468 F.3d 626, 639 (10th Cir. 2006). *see also United States v. Ashley*, 255 F.3d 907, 911 (8th Cir. 2001) (general intent element was satisfied by intent to drive while under the

influence of alcohol). Defendant has not cited to any law showing that the victim's negligence is relevant to the intent element.

However, Defendant also argues that the victim's negligence was an intervening cause. Neither party has cited to any law addressing this argument. A "'basic tenet of criminal law' is that, when a criminal statute requires that the defendant's conduct has resulted in an injury, 'the government must prove that the defendant's conduct was the legal or proximate cause of the resulting injury.'" *United States v. Pineda-Doval*, 614 F.3d 1019, 1026 (9th Cir. 2010), *quoting in part United States v. Spinney,* 795 F.2d 1410, 1415 (9th Cir.1986). Generally, "[t]o prove proximate cause, the government must establish that the harm was a foreseeable result of the conduct." *United States v. Pineda-Doval*, 614 F.3d 1019, 1028 (9th Cir. 2010) (citation omitted). "[O]ccasional negligence that should have been anticipated by the defendant does not defeat proximate cause...." *United States v. Rodriguez*, 766 F.3d 970, 981 (9th Cir. 2014).

Assuming without deciding that the victim's alleged negligence could be an intervening cause, the Court directs the Government to produce the victim's cell phone number and carrier, if that information is in its possession (*i.e.,* not merely in the victim's or Mr. Gallegos' possession). Any further relief is denied.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE