IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                                                   **CR. NO. 20-1370 KWR**

**JULIAN LUCAS GARCIA, III,**

        **Defendant.**

**FOURTH UNOPPOSED MOTION TO CONTINUE TRIAL
AND MOTION TO EXTEND TIME TO FILE MOTIONS**

The Defendant Julian Lucas Garcia, III (Mr. Garcia), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for March 8, 2021, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Garcia would show the Court the following:

    1.    Mr. Garcia was indicted on June 9, 2020, on a single count of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6), Doc. 4. Undersigned counsel was appointed to represent Mr. Garcia on June 18, 2020, Doc. 7. The government filed a Superseding Indictment and added an additional count or charge to the indictment, to wit: Operating an Off-Highway Vehicle on a Paved Street or Highway, in violation of §§ 12 and NMSA 66-3-1011, Doc. 30.

    2.    This Court has granted three prior continuances of trial, Doc. 20, Doc. 28, and Doc. 39.

3. A continuance is requested so that the undersigned counsel can complete additional, required, investigation in this case and so that the parties can attempt to secure additional discovery in this case.

4. This case, in addition to being the subject of an alleged criminal offense, has also been the subject of a civil insurance claim and insurance coverage dispute. The Defendant and others have provided additional statements or descriptions regarding said accident to insurance adjusters. Based on the receipt of additional information and descriptions of the accident provided to multiple insurance adjusters, Mr. David Torres, the defense retained accident reconstruction expert in this case, is required to return to the accident scene to conduct additional investigative work.

5. After a good faith, but unsuccessful, attempt by the government and by undersigned counsel's investigator to obtain records of the Defendant's ambulance transport and pre-hospitalization treatment following the subject accident, Defendant has requested and secured a Court order approving the issuance of multiple subpoenas *duces tecum* in a continuing attempt to secure said records. See, Doc. 43 and Doc. 44.

6. In response to a previously issued government subpoena, Presbyterian Hospital disclosed medical records pertaining to Mr. Garcia's emergency room medical treatment following the accident. In these medical records, there are multiple references to relevant statements the Defendant made to the emergency room doctor who treated him, as well as a reference to the presence of a third person whose status as a medical provider is unknown, and who the defense may wish to interview. The parties are in the process of attempting to schedule a pretrial interview with the emergency room doctor.

7.	Undersigned counsel requests additional time to complete the tasks identified above to determine the impact the additional information and discovery may have on ongoing plea negotiations or preparation for trial.

8.	To effectively represent Mr. Garcia and properly prepare his defense for trial, undersigned counsel requires additional time to allow the defense retained accident reconstruction expert to complete his investigation, obtain the additional relevant ambulance / EMT records, and to complete the pretrial witness interview of the emergency room doctor who treated the Defendant.

9.	Mr. Garcia is not in custody and has been fully compliant with his conditions of release.

10.	The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal

appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). In sum, a continuance is requested to allow undersigned counsel additional time to obtain and evaluate additional requested discovery and to provide the same to the defense retained expert so that said expert can finalize his report and disclose said report to the government.

11. Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye,* 566 U.S. 133 (2012).

12. Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

15. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best

interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

16. Opposing counsel, AUSA Alexander Flores, does not oppose the relief requested.

WHEREFORE, Mr. Garcia respectfully moves this Court to vacate the trial setting of March 8, 2021, and to grant a corresponding extension of time to file motions.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of February, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Alexander Flores.

By: */s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.