IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No.  20-CR-01370-KWR |
| ) | |
| JULIAN LUCAS GARCIA, III, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' SECOND NOTICE OF INTENT
TO INTRODUCE EXPERT WITNESS TESTIMONY**

The United States of America gives notice to Defendant Julian Lucas Garcia III under Rule 16(c) of the Federal Rules of Criminal Procedure and Rules 702, 703 and 705 of the Federal Rules of Evidence that it intends to offer expert testimony in its case-in-chief from Dr. Jordan Treworgy. Dr. Treworgy was the treating emergency department physician for the defendant upon admission on July 4, 2019.

On February 17, 2021, AUSA Alexander Flores, BIA Special Agent Nicholas Miller, and Defense Counsel Mr. Joe Romero participated in a joint interview of Dr. Treworgy regarding the incident and the treatment he provided defendant. Dr. Treworgy's anticipated testimony includes his medical impressions of the defendant, clinical observations, attempted tests, treatment, explanations of his written medical records, etc. Dr. Treworgy may also testify at trial regarding the following matters: defendant's apparent altered mental status or loss of consciousness; defendant's loss of memory; defendant's paranoia and purposeful obstruction/evasion of examinations and treatment; defendant's apparent intoxication including mild nystagmus and mild ataxia and other symptoms/signs/actions; test results; and, if relevant, hypothetical effects of opiate ingestion by the defendant.

The above-described expert testimony and evidence are offered to aid the jury in understanding the evidence and determining the issues of the case. The curricula vitae for Dr. Treworgy was separately produced to Defense Counsel in discovery and is attached herein as Exhibit 1 for the Court.

The United States respectfully requests that the Court exercise its "special gate keeping obligation" and determine that the proposed testimony of this witness is admissible, as the witness has "a reliable basis in knowledge and experience" in his discipline. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221-22 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003 (2003).

It is within the "broad discretion" of the Court to determine the means for assessing an expert's reliability and in making the ultimate determination of reliability. *Dodge v. Cotter Corp.*, 328 F.3d at 1222. As the proposed testimony is not atypical testimony regarding matters of emergency medical treatment, the United States respectfully requests that the Court treat this Notice as a proffer on the training and background of this witness and issue an order recognizing the witness as an expert and permitting the introduction of his testimony. Specifically, the United States asks that the Court make a finding, upon hearing testimony, that the testimony of this witness has "a reliable basis in the knowledge and experience of [his relevant] discipline." *See Id.*, *quoting Kumho*

*Tire*, 526 U.S. at 149. The United States respectfully requests that the Court reserve its "reliability determination" until the United States introduces into evidence the experience and training of the witness at trial.

                                            Respectfully submitted:

                                            FRED J. FEDERICI
                                            Acting United States Attorney

                                            *Electronically filed 04-12-2021*
                                            ALEXANDER F. FLORES
                                            Assistant United States Attorneys
                                            Post Office Box 607
                                            Albuquerque, New Mexico 87103
                                            (505) 346-7274

I HEREBY CERTIFY that on April 12, 2021, I filed
the foregoing electronically through the
CM/ECF system, which caused counsel of record
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.

*/s/ Filed electronically*
ALEXANDER F. FLORES
Assistant United States Attorney