IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                             CR. NO. 20-1370 KWR

JULIAN LUCAS GARCIA, III,

        Defendant.

### FIFTH UNOPPOSED MOTION TO CONTINUE TRIAL AND MOTION TO EXTEND TIME TO FILE MOTIONS

The Defendant Julian Lucas Garcia, III ("Mr. Garcia"), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for June 7, 2021, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Garcia would show the Court the following:

1. Mr. Garcia was indicted on June 9, 2020, on a single count of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6), Doc. 4. Undersigned counsel was appointed to represent Mr. Garcia on June 18, 2020, Doc. 7. The government filed a Superseding Indictment and added an additional count or charge to the indictment, to wit: Operating an Off-Highway Vehicle on a Paved Street or Highway, in violation of §§ 12 and NMSA 66-3-1011, Doc. 30.

2. This Court has granted four prior continuances of trial, Doc. 20, Doc. 28, Doc. 39, and Doc. 47.

3. Previously, a continuance was necessary as both parties worked diligently to locate and secure important and outstanding discovery in this case, specifically ambulance

transport records, EMT, and Emergency Room treatment records pertaining to Mr. Garcia's transport from the accident scene and Emergency Room treatment. The service of subpoenas on various hospital and medical providers was unsuccessful in producing all the requested records. After enlisting the assistance of the Presbyterian Hospital, General Counsel's Office, all remaining records subject to subpoena were disclosed. Also, due to outstanding questions related to Mr. Garcia's treatment at Presbyterian Espanola Hospital, the government scheduled a pretrial interview, on February 17, 2021, of Dr. Jordan Treworgy, Mr. Garcia's Emergency Room (ER) treating physician. The previously missing medical records and the case agent summary of the Dr. Treworgy's interview were disclosed to undersigned counsel on April 26, 2021.

4. All other previously outstanding discovery referenced in prior motions to continue has been completed, including the recent completion of the defense retained accident reconstruction investigation. As such, opposing counsel and undersigned counsel are now able to engage in new phase of plea negotiations. Should the parties be unable to resolve this case by way of a plea, opposing counsel, AUSA Alex Flores, has indicated that he may require additional time to subpoena and secure the presence at trial of one or more witnesses who currently reside out of state, including Dr. Jordan Treworgy.

5. Undersigned counsel requests additional time to carefully review the recently disclosed discovery and to complete the new phase of plea negotiations initiated by the receipt of new discovery, including the results of the defense retained accident reconstruction investigation.

6. To effectively represent Mr. Garcia and properly prepare his defense for trial or negotiate an informed plea agreement, undersigned counsel requires additional time to review the recently received discovery and results of the recently received, defense retained, accident reconstruction report.

7. Mr. Garcia is not in custody and has been fully compliant with his conditions of release.

8. The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).
>
> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). In sum, a continuance is requested to allow undersigned counsel additional time to obtain and evaluate recently received discovery and to have a full opportunity to effectively evaluate and negotiate an informed plea agreement in this case. *Missouri v. Frye,* 566 U.S. 133 (2012).

9. Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

15. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

16. In consultation with opposing counsel, the parties seek a forty five (45) day continuance of this case.

17. Opposing counsel, AUSA Alexander Flores, does not oppose the relief requested.

WHEREFORE, Mr. Garcia respectfully moves this Court to vacate the trial setting of June 7, 2021, and to grant a corresponding extension of time to file motions.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of May, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Alexander Flores.

By:   */s/ Joe M. Romero, Jr.*
         Joe M. Romero, Jr.