IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cr. No. 20-01370-KWR |
| **JULIAN LUCAS GARCIA III**, | ) ) ) |
| Defendant. | ) |

## UNITED STATES' FIRST MOTION IN LIMINE
## FOR A LAFLER-FRYE HEARING

The United States respectfully moves this Court to inquire, prior to trial in this matter, whether defense counsel communicated to Defendant the plea offer extended by the United States, and in support states:

1. Under *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), a defendant has the right to effective assistance of counsel during pre-trial plea negotiations, including as to plea offers that lapse or are rejected. The United States extended a written plea offer to Defendant via his counsel, Joe M. Romero, Jr., in emails dated May 24, 2021, and June 16, 2021. These emails are in addition to phone calls over time discussing the same. Per discussions with Mr. Romero, Defendant has rejected the plea offers from the United States and desires to proceed to trial.

2. On August 3, 2021, a Notice of Attorney Substitution was filed for defense counsel. (Doc. 59). On August 4, 2021, counsel received an unnumbered CM/ECF transaction stating: "Attorney update in case as to Julian Lucas Garcia III. Attorney Robert J. Gorence for Julian Lucas Garcia III added. Attorney Joe M. Romero, Jr terminated." Also on August 4, 2021, the government contacted Mr. Romero and asked him to confirm that he had discussed the

government's plea offer to this client and that his client had elected not to enter into said agreement. Mr. Romero replied:

> Prior to Mr. Gorence's entry into this case, my client or former client had declined the government's offer as indicated below. I spoke briefly with Mr. Gorence yesterday about the government's last plea offer and he is aware of the same. I am also copying him on this email.

3. To establish a clear record in the event Defendant is convicted at trial and subsequently brings a claim under 28 U.S.C. § 2255 alleging that his attorney failed to effectively convey the United States' plea offer to him, the United States respectfully requests the Court undertake an inquiry on the record prior to trial. For the Court's convenience, the United States provides the following as an example of the language the Court could use during such an inquiry:

> I am informed that the government made you a plea offer that you rejected.
>
> Do not tell me about the content of any discussion between you and your counsel. Do not tell me the terms of any plea offer made by the government. This Court is not involved in any plea negotiations and states no opinion regarding your decision to plead guilty or proceed to trial. I simply request a yes or no answer to the following questions:
>
> First, did you discuss with your attorney the plea offer made by the government?
>
> Second, are you satisfied that, prior to rejecting the plea offer, you had a full and complete opportunity to discuss the plea offer with your attorney?

4. As in all cases, the United States does not request that the Court inquire as to the substance of attorney-client communications, "but rather to determine the simple factual question whether [Defendant's] counsel communicated the United States' plea offer." *United States v. Begay*, 497 F.Supp.3d 1025, 1085 (2020) (Browning, J.).

5. The United States respectfully suggests that both Defendant's prior and present counsel stand for inquiry by the Court in this matter.

6.       The United States contacted Defendant for his position on this motion and did not receive a response. The United States thus assumes Defendant opposes this motion for the Court to order a *Lafler-Frye* hearing in this matter.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on August 9, 2021*
ALEXANDER F. FLORES
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on August 9, 2021, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
ALEXANDER F. FLORES
Assistant United States Attorney