IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-01370-KWR |
| | ) | |
| **JULIAN LUCAS GARCIA III**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OPPOSED FOURTH MOTION IN LIMINE FOR JUDICIAL NOTICE

The United States respectfully moves this Court to take judicial notice of adjudicative facts pursuant to Fed. R. Evid. 201. Defendant was contacted for his position on this motion and did not provide a response. The United States assumes that Defendant opposes the instant motion.

Specifically, the government requests that the Court take judicial notice that:

1. The following astronomical sunset categories and times were observed on July 4, 2019:

| Position of the Sun | Time of Day on July 4, 2019 |
|---|---|
| Sunset | 8:24 P.M. |
| Civil Twilight Ended | 8:54 P.M. |
| Nautical Twilight Ended | 9:31 P.M. |
| Astronomical Twilight Ended | 10:12 P.M. |

Exhibit 1. Exhibit 1, containing this information, was produced to the Defendant on June 22, 2020 with Bates stamp 003418.

2. "Civil Twilight" "begins at sunset," and "[u]nder these conditions absent fog or other restrictions, the brightest stars and planets can be seen, the horizon and terrestrial objects can be discerned, and in many cases, artificial lighting is not needed." Exhibit 2. Exhibit 2, containing this information, was produced to the Defendant on July 9, 2021, with Bates stamp 009219.

3. "Nautical Twilight" "ends in the evening, when the geometric center of the sun is 12 degrees below the horizon;" and "[a]bsent fog or other restrictions, outlines of terrestrial objects may still be discernible, but detailed outdoor activities are likely curtailed without artificial illumination." Exhibit 2.

4. "Astronomical Twilight" "ends in the evening, when the geometric center of the sun is 18 degrees below the horizon;" and "sky illumination is so faint that most casual observers would regard the sky as fully dark, especially under urban or suburban light pollution. Under astronomical twilight, the horizon is not discernible." Exhibit 2.

The United States contacted Defendant for his position on this motion and Defendant opposes the motion.

1. **Summary of Facts**

On June 9, 2020, the grand jury returned an indictment charging Defendant with one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6). (Doc. 2). On September 10, 2020, and July 15, 2021, the grand jury returned a superseding indictment and a second superseding indictment, respectively, that added Count 2, a violation of 18 U.S.C. § 13 and NMSA § 66-3-1010.3(A)(2): Operating an Off-Highway Vehicle While Under the Influence of Intoxicating Liquor or Drugs Resulting in Bodily Injury, and Count 3, a violation of 18 U.S.C. § 13 and NMSA § 66-3-1011: Operating an Off-Highway Vehicle on a Paved Street or Highway. The second superseding indictment alleges that on July 4, 2019, the Defendant struck Jane Doe with an off-highway motor vehicle (hereinafter referred to as an ATV, or all-terrain vehicle) on a roadway within the exterior boundaries of the Ohkay Owingeh Pueblo Indian Reservation, Indian Country, in the District of New Mexico. *Id*. The indictment also alleged that the defendant was under the influence of alcohol while operating the

ATV. The incident occurred at approximately 9:25 p.m. near the intersection of State Road 291 (SR291) and North McCurdy Road, Ohkay Owingeh, New Mexico. Jane Doe was crossing the road from the south to north side on foot after sunset when the subject, driving an ATV westbound on SR291 at a high speed and with the headlights off, struck Jane Doe and threw her sixty-nine (69) feet from the impact point.

Multiple witnesses to the defendant's conduct and to the impact state that the defendant drove his ATV recklessly, in the dark, and without headlights. Multiple witnesses to the impact describe that they did not see the ATV coming before it hit Jane Doe but that they heard the "roar" or loud sound of the ATV's engine as it approached.

The time of impact on July 4, 2019, fell near the end of nautical twilight, which the National Oceanic and Atmospheric Administration's National Weather Service describes thus: "[a]bsent fog or other restrictions, outlines of terrestrial objects may still be discernible, but detailed outdoor activities are likely curtailed without artificial illumination."

## 2. Discussion

The United States respectfully requests that this court to take judicial notice of the time of sunset and times of civil, nautical, and astronomical twilight, as well as of the definitions of those types of twilight. The issue of illumination, or lack thereof, is a critical issue of proof in this case. The United States' theory is that the defendant drove his ATV on a paved roadway, contrary to law, that he drove the ATV while under the influence, contrary to law, and that he drove recklessly by speeding in a crowded area after dark and without activating the ATV headlights. See *United States v. Zunie*, 444 F.3d 1230, 1235 (10th Cir. 2006) (holding that a finding of reckless driving supports a conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6)).

Fed. R. Evid. 201(b) permits a court to judicially notice a fact not subject to reasonable dispute. Facts are not subject to reasonable dispute when they are "generally known within the trial court's territorial jurisdiction," Fed. R. Evid. 201(b)(1), and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2).

Judicial notice may be taken of dates, holidays, sunrise or sunset, tides, and like matters shown by almanacs [and] calendars. § 26:276, Dates, days, seasons, sunrise, sunset, and tides, 8 Cyc. of Federal Proc. § 26:276 (3d ed.). It is legal lore that a then-less-well-known attorney by the name of Abraham Lincoln once devastated an eyewitness on cross examination using judicial notice of indisputable facts from an almanac. That story, plainly, goes that an eyewitness testified that he had seen an assault in bright moonlight at some distance. On cross-examination, Lincoln confirmed the witness's testimony about bright moonlight and then confronted the witness with an almanac that proved that at that time on the night in question, the moon would not have been shining brightly. See generally 60 Am. Jur. Proof of Facts 3d 175 and Richard H. Underwood, Moonlight: Abraham Lincoln and the Almanac Trial, 29 N. Ky. L. Rev. 237 (2002) In fairness, Underwood's fascinating book review actually posits that Lincoln may have used the learned treatise hearsay exception for admission of facts from the almanac. Notwithstanding that dispute, courts across time and jurisdictions have granted judicial notice for precisely the purposes requested here.

For example, the Eighth Circuit Court of Appeals held on appeal that in a case where witnesses gave a limited range of estimated times to frame an issue of fact at trial, the court could take judicial notice of the fact that on October 7, 1966, at Little Rock, Arkansas, sundown was at 5:45 p.m.. Central Standard Time. *Oliver v. Hallett Const. Co.*, 421 F.2d 365, 367 (8th

4

Cir. 1970). In at least one case in the District of New Mexico, an almanac was used to support a successful request for judicial notice of sunset. See *Harris, Et Al V. United States*, Pls.' Resp. to Def.'s Mot. in Lim., 1:06-cv-00412-JAP-KBM (D.N.M., Doc. 59, Filed 09/04/2007).

3. **Conclusion**

Because the United States carries the burden of proof regarding assault resulting in serious bodily injury, it must be allowed to present evidence in the manner it sees fit, within the confines of the Rules of Evidence. The above proposal will fashion a productive and efficient examination that will provide the jury with the evidence they need to assess the body of evidence and charges before them with this information, specifically the lighting conditions at play when defendant drove his ATV without headlights and hit Jane Doe on a roadway. Thus, the United States respectfully requests that the Court take judicial notice of the matters set forth above.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on August 9, 2021*
ALEXANDER F. FLORES
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on August 9, 2021, I
filed the foregoing electronically through the
CM/ECF System, which caused counsel for the
defendant to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/*
ALEXANDER F. FLORES
Assistant United States Attorney