IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Cr. No. 20-01370-KWR |
| vs. | ) ) ) | |
| **JULIAN LUCAS GARCIA III**, | ) ) ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSED FIFTH MOTION IN LIMINE
TO EXCLUDE DEFENSE EVIDENCE AND ARGUMENT REGARDING
VOLUNTARY INTOXICATION**

The United States respectfully moves the Court for an order excluding any evidence, argument, or instruction relating to Defendant's voluntary intoxication and/or Jane Doe's voluntary intoxication on or about July 4, 2019, relating to Counts 1 and 3 of the second superseding indictment. Defendant was contacted for his position on this motion and did not provide a response. The United States assumes that Defendant opposes the instant motion.

**1. Summary of Facts**

On July 15, 2021, the grand jury returned a second superseding indictment charging one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6), one count of Operating an Off-Highway Vehicle While Under the Influence of Intoxicating Liquor or Drugs Resulting in Bodily Injury, in violation of 18 U.S.C. § 13 and NMSA § 66-3-1010.3(A)(2), and one count of Operating an Off-Highway Vehicle on a Paved Street or Highway, in violation of 18 U.S.C. § 13 and NMSA § 66-3-1011. (Doc. 54). The second superseding indictment alleges that on July 4, 2019, the Defendant struck Jane Doe with an off-highway motor vehicle (hereinafter referred to as an ATV, or all-terrain vehicle) on a

roadway within the exterior boundaries of the Ohkay Owingeh Pueblo Indian Reservation, Indian Country, in the District of New Mexico. *Id*. The indictment also alleged that the defendant was under the influence of alcohol while operating the ATV. The incident occurred at approximately 9:25 p.m. near the intersection of State Road 291 (SR291) and North McCurdy Road, Ohkay Owingeh, New Mexico. Jane Doe was crossing the road from the south to north side on foot after sunset when the subject, driving an ATV westbound on SR291 at a high speed and with the headlights off, struck Jane Doe and threw her sixty-nine (69) feet from the impact point.

Witnesses observed Defendant consuming alcohol and driving the ATV recklessly along the road before he hit Jane Doe. Both Jane Doe and Defendant were transported by ambulance from the scene of the crash to Presbyterian Española Hospital for treatment. At the hospital, Defendant admitted to a New Mexico State Police Officer that he had been drinking earlier in the evening and that he was the driver of the ATV that struck Jane Doe. The hospital treated Defendant for injuries and the treating doctor assessed that the defendant was heavily intoxicated. A warrant for a blood draw from Defendant was executed six hours after the crash, which rendered a 0.0% ethanol/blood alcohol content (BAC) result. A government forensic toxicology expert will testify that it is possible for a person to have been inebriated six hours prior to a 0.0% BAC result.

Regarding Jane Doe, Defendant has sought information about Jane Doe's activities prior to the wreck. In one instance, Defendant requested Jane Doe's cell phone records for a period before the wreck. (Doc. 37). In other cases, Defendant has sought information about Jane Doe's state of intoxication prior to the wreck. In a statement to a third party a year after the assault,

Defendant said that Jane Doe was "heavily intoxicated" when she was crossing the road before being hit. It is unclear what basis Defendant has to make that statement.

Upon information and belief, the United States expects the Defendant to attempt to offer some evidence of his voluntary intoxication and/or the voluntary intoxication of Jane Doe as defenses to the assault and to the charge of driving the off-highway vehicle on a paved roadway.

**2. Discussion**

**A. THE NATURE OF THE CHARGES**

All three of the counts alleged in this case are general intent crimes. Count 1 of the present charges, a violation of 18 U.S.C. §§ 1153 and 113(a)(6) – Assault Resulting in Serious Bodily Injury, is a general intent crime under federal law. See *United States v. Zunie*, 444 F.3d 1230, 1233 (10th Cir. 2006), citing *United States v. Benally*, 146 F.3d 1232, 1237 (10th Cir.1998) and *United States v. Pettigrew*, 468 F.3d 626, 639 (10th Cir. 2006). See also Model Penal Code § 211.1(2)(a) (stating "[a] person is guilty of assault if he ... purposely, knowingly or recklessly causes bodily injury to another."). This count alleges that Defendant was driving the ATV with a reckless *mens rea*—driving the ATV in a prohibited place and while under the influence of alcohol—when he struck Jane Doe causing her life threatening and permanent serious bodily injuries. Indeed, driving under the influence of alcohol is indicative of reckless conduct. See *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001) ("Put another way, the government must show that Defendant knew that his conduct posed a serious risk of death or harm to himself or others, but did not care.").

Counts 2 and 3 are state charges incorporated into the second superseding indictment by 18 U.S.C. § 13 and both are strict liability crimes. Addressing the strict liability *mens rea* requirement for crimes under New Mexico law, and discussing driving under the influence

3

specifically (which is also Count 2 of the present second superseding indictment), the New Mexico Court of Appeals has said, "[a] strict liability crime is one which imposes a criminal sanction for an unlawful act without requiring a showing of criminal intent." *State v. Harrison*, 1992-NMCA-139, ¶ 18, 115 N.M. 73, 77.

### B. VOLUNTARY INTOXICATION IS NOT A LAWFUL DEFENSE TO COUNTS 1 AND 3

Count 1 is a general intent crime as defined under federal law. Voluntary intoxication is not a permissible defense to general intent crimes under federal law. *United States v. Williams*, 403 F.3d 1188, 1194 (10th Cir. 2005). Count 3 is a strict liability crime as defined under New Mexico law. In New Mexico, voluntary intoxication is only a defense to specific-intent crimes, not to strict liability crimes. *State v. Myers*, 2019 WL 1230136, at *3 (N.M. Ct. App. Feb. 21, 2019), cert. denied, 2019-NMCERT-004, ¶ 8 (unpublished op.) (internal quotations and citation omitted).

Generally, voluntary intoxication instructions allow a jury to consider a defendant's inebriation and then to conclude that the defendant did not have the required intent to commit the subject crime. 1 Modern Federal Jury Instructions-Criminal P 8.03.

Neither Count 1 nor Count 3 require a specific intent finding in this case. The voluntary intoxication defense is therefore not appropriate under the charging statutes, and it should be prohibited by this court to avoid confusion of the issues, misleading the jury, and wasting judicial time and resources. Fed. R. Evid. 403.

### C. PROOF OF DEFENDANT'S INTOXICATION IS AN ELEMENT OF COUNT 2

It is a fact that Defendant's intoxication will be raised in evidence in this case. His intoxication is a requisite element of proof for Count 2 of the second superseding indictment.

However, affirmative introduction of this evidence in support of Count 2 does not provide a legal basis to use that evidence as an affirmative defense to Counts 1 and 3.

To ensure that the jury understands how the evidence should be properly considered, an instruction to the jury that voluntary intoxication is not a defense to Counts 1 and 3 may be warranted. See *United States v. Arthurs*, 647 F. App'x 846 (10th Cir. 2016) (holding that a district court did not abuse its discretion by instructing jury that voluntary intoxication was not a legally recognized defense to charge of being a felon in possession of firearm, even though defendant did not raise intoxication as defense at trial, where evidence of defendant's intoxication, at time of his arrest, was presented at trial, and there was thus chance that jury would have wondered whether defendant's intoxication could have supplied a defense). Importantly, "jurors are presumed to follow the judge's instructions." *United States v. Hamilton*, 587 F.3d 1199, 1219 (10th Cir. 2009).

### 3. Conclusion

Because voluntary intoxication is not a defense to assault and cannot be a proper defense to a charge of Operating an Off-Highway Vehicle on a Paved Street or Highway with these facts, the defendant should be precluded from offering any evidence, inference, or argument regarding voluntary intoxication with respect to Counts 1 and 3.

                                Respectfully submitted,

                                FRED J. FEDERICI
                                Acting United States Attorney

                                *Electronically filed on August 9, 2021*
                                ALEXANDER F. FLORES
                                Assistant United States Attorney
                                P.O. Box 607
                                Albuquerque, New Mexico 87103
                                (505) 346-7274

I HEREBY CERTIFY that on August 9, 2021, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*_____
ALEXANDER F. FLORES
Assistant United States Attorney