IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-01370-KWR |
| | ) | |
| **JULIAN LUCAS GARCIA III**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSED SIXTH MOTION IN LIMINE
FOR SPECIAL PROCEDURES FOR THE TESTIMONY OF VICTIM JANE DOE**

The United States respectfully moves this Court to order special procedures for the testimony of victim Jane Doe in this case. Defendant was contacted for his position on this motion and did not provide a response. The United States assumes that Defendant opposes the instant motion.

The requested procedures include:

1. Administering a disability-appropriate oath of truthfulness in such a manner that a person with some cognitive deficits will fully understand the duty to tell the truth;

2. That all questions should be required to be asked in a form that are disability-appropriate;

3. That the Court should explain to the victim, outside the presence of the jury, that if the victim does not understand a question, that she has the right to say it is not understood, and to have the question restated in a form the victim does understand;

4. That the Court limit the duration of time that the victim be subjected to cross-examination;

5. That the Court allow the victim to have a comfort item in her possession while testifying;

6. That the Court take appropriate measures to prevent intimidation or harassment of the victim witness by Defendant or his attorney;

7. That the Court order such accommodations as are appropriate under the circumstances, including, but not limited to:

   a. Relaxing the formalities of the proceedings during the testimony of the victim;

   b. Allowing frequent breaks as needed to enable the victim to focus on the questioning;

   c. That any objections by Defendant be made by raising a hand and stating in a quiet tone of voice the general nature of the objection;

   d. That, to the extent necessary to develop the victim's testimony, leading questions be allowed during direct examination.

**1. Summary of Facts**

On June 9, 2020, the grand jury returned an indictment charging Defendant with one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6). (Doc. 2). On September 10, 2020, and July 15, 2021, the grand jury returned a superseding indictment and a second superseding indictment, respectively, that added Count 2, a violation of 18 U.S.C. § 13 and NMSA § 66-3-1010.3(A)(2): Operating an Off-Highway Vehicle While Under the Influence of Intoxicating Liquor or Drugs Resulting in Bodily Injury, and Count 3, a violation of 18 U.S.C. § 13 and NMSA § 66-3-1011: Operating an Off-Highway Vehicle on a Paved Street or Highway.

The second superseding indictment alleges that on July 4, 2019, the Defendant struck Jane Doe with an off-highway motor vehicle (hereinafter referred to as an ATV, or all-terrain vehicle) on a roadway within the exterior boundaries of the Ohkay Owingeh Pueblo Indian Reservation, Indian Country, in the District of New Mexico. *Id*. The indictment also alleged that the defendant was under the influence of alcohol while operating the ATV. The incident occurred at approximately 9:25 p.m. near the intersection of State Road 291 (SR291) and North McCurdy Road, Ohkay Owingeh, New Mexico. Jane Doe was crossing the road from the south to north side on foot after sunset when the subject, driving an ATV westbound on SR291 at a high speed and with the headlights off, struck Jane Doe and threw her sixty-nine (69) feet from the impact point.

Both Jane Doe and Defendant were transported by ambulance from the scene of the crash to Presbyterian Española Hospital for treatment. Jane Doe was treated for life-threatening injuries and was transported via helicopter to Presbyterian Hospital Albuquerque for higher-level trauma treatment. Over the course of the following weeks, she was treated in the Intensive Care Unit, underwent multiple surgeries—including one to relieve building pressure around her brain by removing a piece of skull and implanting it in another part of her body to keep its cells alive until it could be placed back in her skull at a later time, and was transferred to follow-up intensive rehabilitation centers.

Prior to the accident, Doe had no cognitive or physical deficiencies. However, the injuries Doe endures have been transformative in all the worst ways. Her entire personality is different, she suffers memory loss, and she lacks the motor skills to even transfer herself out of bed and into a wheelchair or from her wheelchair to a sofa or to the toilet. She asks or insists to see her

toddler children who are now teenagers and who, along with her partner, are her primary caregivers in her home.

Jane Doe does not recall the accident that changed her life. When asked, she does not know why she is wheelchair-bound, and her amnesia deeply affects other parts of her life. She continues to attend physical and other types of therapy. She has suffered protracted loss or impairment of various bodily functions; she is immobile without mechanical assistance and suffers both memory loss and cognitive impairments.

**2. Discussion**

**A. THE NATURE OF THE VICTIM-SPECIFIC CHARGE**

Count 1 of the present charges, a violation of 18 U.S.C. §§ 1153 and 113(a)(6) – Assault Resulting in Serious Bodily Injury, requires some proof that Jane Doe suffered serious bodily injury because of Defendant's acts. Serious bodily injury is defined as, "(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." See 18 U.S.C. § 1365.

To prove the element of serious bodily injury, the United States intends to present medical evidence from various treating physicians who will detail the substantial risk of death and extreme physical pain Doe suffered when she was struck by Defendant on an ATV, as well as the protracted loss or impairment of the function of a bodily member, organ, or mental faculty since then. Additionally, the United States intends to present some evidence from family members about the nature of their day-to-day care regimen for Doe and the changes they have experienced relating to the same. Finally, to give the jury some direct evidence of the loss or

impairment of Doe's bodily member, organ, or mental faculty, the United States intends to call Jane Doe and present limited testimony to illustrate these facts.

The line of questioning by the United States will be limited. It is intended to demonstrate that Doe does not understand or fully appreciate the world around her or how she came to be in her present circumstances. Juxtaposed against other testimony about her condition prior to being hit, and in direct juxtaposition, for example, to the present age of her children, this testimony will demonstrate in a tangible way that she has suffered a degree of serious and permanent bodily injury.

The United States is aware that too much questioning along these lines may be prejudicial. Fed. R. Evid. 403. However, it is crucial that the jury receive a real impression of Jane Doe against which they can evaluate the medical and familial testimony they receive in advance. This will provide sufficient evidence upon which they may decide if the Defendant caused serious bodily injury as a result of the assault.

### B. SPECIAL PROCEDURES TO FACILITATE ADMISSION OF THIS EVIDENCE

The United States respectfully requests that this Court order the following special procedures to facilitate a productive and efficient examination by the government and defense counsel:

1. Administering a disability-appropriate oath of truthfulness in such a manner that a person with some cognitive deficits will fully understand the duty to tell the truth;

2. That all questions should be required to be asked in a form which are disability-appropriate;

3. That the Court should explain to the victim, outside the presence of the jury, that if the victim does not understand a question, that she has the right to say it is not understood and to have the question restated in a form the victim does understand;

4. That the Court limit the duration of time that the victim be subjected to cross-examination;

5. That the Court allow the victim to have a comfort item in her possession while testifying;

6. That the Court take appropriate measures to prevent intimidation or harassment of the victim witness by Defendant or his attorney; and

7. That the Court order such accommodations as are appropriate under the circumstances, including, but not limited to:

   a. Relaxing the formalities of the proceedings during the testimony of the victim;

   b. Allowing frequent breaks as needed to enable the victim to focus on the questioning;

   c. That any objections by the Defendant be made by raising a hand and stating in a quiet tone of voice the general nature of the objection; and

   d. That, to the extent necessary to develop the victim's testimony, leading questions be allowed during direct examination.

**3. Conclusion**

Because the United States carries the burden of proof regarding assault resulting in serious bodily injury, it must be allowed to present evidence in the manner it sees fit, within the confines of the Rules of Evidence. The above proposal will fashion a productive and efficient examination that will provide the jury with the evidence they need to assess the victim's

condition and credibility as they weigh the body of evidence and charges before them. Thus, the United States respectfully requests that the Court order the above requested special procedures during Doe's testimony.

                                              Respectfully submitted,

                                              FRED J. FEDERICI
                                              Acting United States Attorney

                                              *Electronically filed on August 9, 2021*
                                              ALEXANDER F. FLORES
                                              Assistant United States Attorney
                                              P.O. Box 607
                                              Albuquerque, New Mexico 87103
                                              (505) 346-7274

I HEREBY CERTIFY that on August 9, 2021, I
filed the foregoing electronically through the
CM/ECF System, which caused counsel for the
defendant to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/*                                    
ALEXANDER F. FLORES
Assistant United States Attorney