IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-01370-KWR |
| | ) | |
| **JULIAN LUCAS GARCIA III**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSED SEVENTH MOTION IN LIMINE
FOR JUDICIAL NOTICE AND FOR A JUDICIAL DETERMINATION
OF INDIAN COUNTRY LAND STATUS**

The United States respectfully requests that the Court take judicial notice pursuant to Fed.

R. Evid. 201 that Ohkay Owingeh is and was a federally recognized tribe at the time of the

charged crime and requests that the Court make a judicial determination finding that the land on

which the alleged crime occurred is Indian Country for purposes of federal criminal jurisdiction.

Defendant was contacted for his position on this motion and did not provide a response. The

United States assumes that Defendant opposes the instant motion.

**1) Summary of Facts**

On July 4, 2019, the Defendant struck Jane Doe with an off-highway motor vehicle at

approximately 9:25 p.m. near the intersection of State Road 291 (SR291) and North McCurdy

Road, Ohkay Owingeh, New Mexico. Jane Doe was crossing the road from the south to north

side on foot after sunset when the subject, driving an ATV westbound on SR291 at a high speed

and with the headlights off, struck Jane Doe and threw her sixty-nine (69) feet from the impact

point. The situs of the assault is located in Ohkay Owingeh, N.M., within the exterior boundaries of the Ohkay Owingeh Indian Reservation.

On January 29, 2020, the Natural Resources Director for Ohkay Owingeh produced a Land Status Verification for the situs of the assault, the intersection of State Road 291 and North McCurdy Road. (Exhibit 1). The land status verification determined that the intersection is located within the exterior boundaries of Ohkay Owingeh, New Mexico, Section 26, Township 21N., Range 8E., NMPM within the San Juan Land Grant. On June 22, 2020, the verification was provided to Defendant in discovery as Bates stamp 003402.

Accordingly, this location is "Indian Country" as that term is defined by federal law pursuant to 18 U.S.C. §§ 1151 and 1153.

**2) Discussion**

The United States requests the Court take judicial notice and rule on jurisdiction, both of which will allow it to instruct the jury that the above location is "Indian Country" as a matter of law. Generally, the United States must prove all elements of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970). However, jurisdictional issues are matters of law to be decided by the court, rather than the jury. *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). In accordance with this rule, a trial court decides if a particular area is legally Indian Country, but "leaves to the jury the factual determination of whether the alleged crime occurred at the site." *Id.;* see also *United States v. Stands*, 105 F.3d 1565, 1575 (8th Cir. 1997) ("[G]iven a particular piece of land, it is for the court, not the jury, to determine whether that land is in Indian country."); *United States v. Cook*, 922 F.2d 1026, 1031 (2d Cir. 1991) ("Determinations of whether the site of an offense is Indian country have been held to be for the court alone."). Put

2

another way, the Court is permitted to determine whether "a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." *Roberts*, 185 F.3d at 1139. At trial, the burden remains on the United States to establish the crimes occurred at the location alleged. *Id.*

The Tenth Circuit Pattern Criminal Jury Instructions embrace this approach. *See*, *e.g.*, 10th Cir. Pattern Jury Instructions, 2.52, *et. seq.* (2021) ("You are instructed that the alleged [crime] occurred within the [territorial] [special maritime] jurisdiction of the United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.").

F.R.E. 201(b) permits a court to judicially notice a fact not subject to reasonable dispute. Facts are not subject to reasonable dispute when they are "generally known within the trial court's territorial jurisdiction," F.R.E. 201(b)(1), and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," F.R.E. 201(b)(2).

As contemplated by *Roberts* and the Tenth Circuit Pattern Criminal Jury Instructions, the United States seeks judicial notice and a judicial determination by the Court that the tract of land on which the charged crime occurred is Indian Country. Specifically, the United States requests that the Court instruct the jury that:

> The land within the exterior boundaries of Ohkay Owingeh Indian Reservation is Indian Country. You are instructed that the alleged crimes occurred within Indian Country if you find beyond a reasonable doubt that such crimes occurred within the exterior boundaries of Ohkay Owingeh.

Deciding this jurisdictional issue pre-trial avoids forcing the United States to mix proof of a purely legal matter such as land status together with the evidence it presents at trial to prove

Defendant's guilt to the trier-of-fact. Discussion of title to land and what falls within and outside the Ohkay Owingeh Pueblo can only serve to waste the jury's time on a matter that it is not responsible for determining or, worse, lead to confusion of the issues that are for the jury's consideration.  Addressing the legal question of land status before trial similarly will streamline the presentation of the United States' case. Finally, land status should be determined in advance to avoid integrating a jurisdictional question into the trial after jeopardy has attached.  In cases – unlike this one – where there actually is a close question on jurisdiction, the United States should not be deprived of the opportunity to appeal the decision.

The United States presents the following evidence confirming the status of the land as Indian Country.

### A. OHKAY OWINGEH IS A FEDERALLY RECOGNIZED TRIBE.

Federal recognition of an Indian tribe is a question of law to be resolved by the court. *United States v. Alvirez*, 831 F.3d 1115, 1121 (9th Cir. 2016). To determine this issue, a judge may take judicial notice of the federal recognition of an Indian tribe by the Bureau of Indian Affairs (BIA). *Id.* The BIA maintains the "best source to identify federally acknowledged Indian tribes." *United States v. Zepeda*, 792 F.3d 1103, 1114 (9th Cir. 2015). The BIA lists Ohkay Owingeh as a federally recognized tribe during the time periods in which the charged crimes occurred. *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 80 FR 1942 (February 1, 2019). The United States requests the Court take judicial notice that Ohkay Owingeh is and was a federally recognized tribe at the time of the charged crime.

## B. THE LOCATION OF THE ALLEGED CRIMES FALLS WITHIN THE SAN JUAN LAND GRANT, IN OHKAY OWINGEH.

Exhibit 1 establishes that the intersection where the alleged crimes occurred is in Ohkay Owingeh, New Mexico, Section 26, Township 21N., Range 8E., NMPM, Rio Arriba County, in the State of New Mexico. Further, this location has been determined to fall within the exterior boundaries of the original San Juan Land Grant. The United States asserts this location is within the exterior boundaries of the Ohkay Owingeh Pueblo. These tribal lands are federal trust lands held by the United States of America for the Ohkay Owingeh Pueblo.

## C. ALL LAND WITHIN THE EXTERIOR BOUNDARIES OF INDIAN TRUST LAND CONSTITUTES "INDIAN COUNTRY."

Indian country includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation." 18 U.S.C. § 1151(a). In *Buzzard v. Oklahoma Tax Comm'n*, 992 F.2d 1073, 1076-77 (10th Cir. 1993) the Tenth Circuit explained:

> [T]rust land is set apart for the use of Indians by the federal government because it can be obtained only by filing a request with the Secretary of the Interior, who must consider, among other things, the Indians' need for the land and the purposes for which the land will be used. If the request is approved, the United States holds the land as trustee. Thus, land is "validly set apart for the use of Indians as such" only if the federal government takes some action indicating that the land is designated for use by Indians.

*Buzzard*, 992 F.2d at 1076 (internal citations omitted).

The fact that the situs of this assault is trust land notwithstanding, it is still Pueblo land. Congress has provided that "if the charging document alleges a violation of [18 U.S.C. §§ 1152 [or] 1153 . . . and the violation occurs anywhere within the exterior boundaries of any grant from

5

a prior sovereign, as confirmed by Congress or the Court of Private Land Claims to a Pueblo Indian tribe of New Mexico, then a federal court has jurisdiction over the matter." *United States v. Vigil*, CR-18-739-MV, 2019 WL 3881702, at *4 (D.N.M. Aug. 16, 2019) (Vasquez, J.) (internal quotations and citations omitted).

Even in a case where a crime was allegedly committed on private land belonging to a non-Indian within the exterior boundaries of Ohkay Owingeh, the District Court of New Mexico has held:

> The Court concludes that is has federal criminal jurisdiction in this matter. The land at issue in the instant offense is located within the exterior boundaries of the Ohkay Owingeh Pueblo, San Juan Land Grant, as the boundaries were confirmed by Congress in 1858. Though the land was privately held at the time of the instant offense, the patent was not issued by Congress and the land has remained "Indian country."

Id. at *6. In this case, no such complicating factor exists. The assault occurred on public rather than private land. At most, the roadway where the assault took place may be called a right-of-way. Even then, such land is explicitly included in the definition of Indian Country. See 18 U.S.C. § 1151(a) ("Indian country includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government, . . . including rights-of-way running through the reservation.").

As evidenced by the attached certification and anticipated testimony by the Ohkay Owingeh Natural Resources Director, the intersection where the alleged offenses occurred is located within the exterior boundaries of Ohkay Owingeh and on tribal trust land. Thus, the only issue for the jury to decide at trial related to land status should be whether the United States has proven Defendant committed the alleged crime in the identified home.

## 3) Conclusion

For the reasons set forth above, the United States respectfully moves the Court for judicial notice and for a judicial determination finding that the residence in which the charged crime occurred is within Indian Country.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on August 9, 2021*
ALEXANDER F. FLORES
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on August 9, 2021, I
filed the foregoing electronically through the
CM/ECF System, which caused counsel for the
defendant to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/*
ALEXANDER F. FLORES
Assistant United States Attorney