IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Cr. No. 20-01370-KWR |
| **JULIAN GARCIA III**, | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSED EIGHTH MOTION IN LIMINE
TO EXCLUDE TESTIMONY BY DEFENDANT'S PROPOSED EXPERT WITNESS,
OR IN THE ALTERNATIVE TO REQUIRE DEFENDANT'S PROMPT COMPLIANCE
WITH RULE 16(b)(1)(C)**

The United States hereby moves the Court to exclude the expert witness disclosed by Defendant on November 9, 2020 (Doc. 36), or in the alternative to order Defendant to promptly provide the United States with an expert notice that fulfills the requirements of Rule 16(b)(1)(C), to include any discovery material as described in Fed. R. Crim. P. 16(b)(1). The United States respectfully requests that if the Court determines that the alternative relief requested by the United States is warranted that the Court issue its order as soon as possible and require Defendant to comply nearly immediately, as the United States will require the full time remaining before trial to cure as much prejudice as possible from Defendant's deficient notice.

Defendant was contacted for his position on this motion and did not provide a response. The United States assumes that Defendant opposes the instant motion.

1) **Background**

Federal Rule Criminal Procedure 16(b)(1)(C) provides:

The defendant must, at the government's request, give to the government a
written summary of any testimony that the defendant intends to use under Rules
702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if–

> (i) The defendant requests disclosure under subdivision (a)(1)(G) and the government complies; [. . . ]
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

*Id*.

In conformity with this rule, the standard discovery order entered on June 22, 2020, obligated Defendant to provide the United States with a "written summary of testimony the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial" upon the government's provision of similar information and upon the government's request. (Doc. 14 at 4). The order further provided that "[t]his summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications." *Id*. In the United States' expert disclosure filed on September 25, 2020 (Doc. 35), the United States provided Defendant with notice under Rule 16. The United States requested reciprocal discovery of Defendant when it made its initial discovery disclosures to opposing counsel on June 22, 2020.

In early October 2020, Defense Counsel informed the government of his intent to retain an expert consultant to investigate this case. Beginning on October 1, the government corresponded with defense counsel and the retained consultant to facilitate and inspection of the ATV that Defendant drove when he struck Jane Doe. On October 8, 2020, the defense consultant physically inspected the ATV, was allowed to physically manipulate the ATV, and was allowed to take photographs of the ATV. On November 9, 2020, Defendant filed a Notice of Intent to Offer Expert Testimony (Doc. 36). However, that notice was deficient and to date—nine (9) months after the expert notice was filed—the United States has not received any reports nor

opinions in support of Defendant's notice. Similarly, the United States has not received reciprocal discovery from Defendant as required by Rule 16 and the Court's discovery order.

The United States' request for reciprocal discovery was reiterated sixteen (16) times after June 22, 2020, when additional discovery was provided to Defendant. Separately, the United States specifically inquired for expert reports and related discovery by email on November 16, 2020, March 25, 2020, and August 2, 2021. Defendant is therefore required by the discovery order and by Rule 16(b)(1)(C) to provide the United States with a summary of his intended expert testimony that fulfills the requirements of the Rule.

As such, the United States requests the Court to exclude the defense's proposed expert witness and prohibit Defendant from introducing undisclosed evidence.

## 2) Defendant's Expert Notice Is Deficient

Defendant alludes to the topics that the proposed expert may cover:

> [W]hether Defendant was driving recklessly at the time of the subject accident, the speed at which the Defendant was driving at the time of the subject accident, and whether the vehicle (ATV) Defendant was driving had its headlights turned on or off.

(Doc. 36). Rule 16, however, "requires a summary of the expected testimony, not a list of topics." *United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001). Defendant's expert notice also fails to provide any summary of the testimony of his proposed expert witness. A notice is deficient when it provides only "a list of the general subject matters to be covered" and fails to "identify what opinion the expert would offer on those subjects." *Id*. The sole relevant sentence within the notice provides:

> Mr. Torres will provide his opinions and supporting evidence regarding the cause and effects of the crash based on upon his specialized technical knowledge, his independent investigation, observations, photographs, and measurements taken at the scene.

(Doc. 36).

This notice does not inform the United States of the opinions of this proposed expert witness nor the bases for those opinions. It hardly informs the United States as to the specific topics that the proposed expert will address – and even then, suggests that the expert will render an impermissible opinion on an ultimate legal issue contrary to Fed. R. Evid. 704.The notice also fails to provide the proposed expert's qualifications to render those unspecified opinions. Defendant's expert notice therefore does not meet the requirements of Rule 16(b)(1)(C).

A disclosure comporting with Rule 16(b)(1)(C) "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Advisory Committee Notes (1993 Amendment). The purpose of the rule is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *Id*.

Having been provided with only a list of possible topics, the United States cannot begin to prepare to address the testimony of this proposed expert. The United States is unable to examine those opinions with its own expert or prepare its expert to rebut them, if appropriate. It cannot even determine whether, for instance, to file a *Daubert* motion challenging the reliability of the testimony of the proposed expert and his conclusions, as it does not know what the content of that testimony or conclusion will be. It cannot assess the relevance of the intended testimony of the proposed expert or whether it would be useful to the trier of fact. The United States cannot

meaningfully challenge the qualifications of the expert to render the particular, yet unspecified, opinions that Defendant intends to present.

The deficient expert notice prejudices the United States in that at a mere four (4) weeks before the trial date, the United States is unaware of the opinions of defense's proposed expert. To rebut Defendant's expert, the United States will have to review defense's proposed expert opinions, once his opinions are received, and consult with its own experts. The United States will then need to prepare its own expert's testimony. It will be an unreasonable burden, if it is possible at all, for the United States to complete this effort in the time remaining before trial. By filing a deficient expert notice, Defendant should not be rewarded with the tactical advantage of diverting the government's resources during the busy period in the weeks immediately prior to trial.

**3) <u>Available Remedies</u>**

When a party fails to comply with Rule 16, the Court may:

(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

(B) grant a continuance;

(C) prohibit that party from introducing the undisclosed evidence; or

(D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

In the context of excluding an expert witness for a party's failure to comply with Rule 16, the Tenth Circuit has held that "it would be 'a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings.'" *United States v. Sarracino*, 340 F.3d 1148, 1170 (10th Cir. 2003). Nonetheless, the United States is not seeking a continuance of

the trial date due to the prejudice that the United States faces as the witnesses' memories of past events continue to fade, the inconvenience to the witnesses in changing the trial date, and the potential difficulty in finding a date when all witnesses, counsel, and the Court will be available.

4) **Conclusion**

The United States respectfully requests the Court to exclude Defendant's expert witnesses from testifying at trial due to Defendant's failure to provide a summary of the opinions of the expert witness, including the bases and reasons for his opinions, and to prohibit Defendant from introducing any undisclosed evidence. Fed. R. Crim. P. 16(b)(1)(C). In the alternative, the United States requests that the Court order Defendant to provide the United States with prompt notice comporting with the Rule 16(b)(1)(C).

    Respectfully submitted,

    FRED J. FEDERICI
    Acting United States Attorney

    *Electronically filed on August 9, 2021*
    ALEXANDER F. FLORES
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274

I HEREBY CERTIFY that on August 9, 2021, I
filed the foregoing electronically through the
CM/ECF System, which caused counsel for the
defendant to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/*_____
ALEXANDER F. FLORES
Assistant United States Attorney