IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Cr. No. 20-01370-KWR |
| vs. | ) | |
| **JULIAN GARCIA III**, | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSED ELEVENTH MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR DUI CONVICTION**

The United States of America hereby moves in limine for a pretrial order pursuant to Federal Rules of Evidence 404(b) permitting the United States to introduce evidence of Defendant's 2011 conviction for driving under the influence of intoxicating liquor (hereinafter referred to as "DUI"), in violation of Section 12-6-12.1 of the New Mexico Uniform Traffic Regulations, as adopted by the Española Municipal Code (2011), Operating A Motor Vehicle Under The Influence Of Intoxicating Liquor Or Drugs; Chemical Testing; Officer To File Statement; Immediate License Revocation, an event which occurred prior to the motor vehicle accident at issue in this case. Defendant was contacted for his position on this motion and did not provide a response. The United States assumes that Defendant opposes the instant motion.

**1)**     **Summary of Facts**

On July 4, 2019, the Defendant struck Jane Doe with an off-highway motor vehicle (hereinafter referred to as an ATV, or all-terrain vehicle) on a roadway within the exterior boundaries of the Ohkay Owingeh Pueblo Indian Reservation, Indian Country, in the District of New Mexico. The indictment alleges that Defendant was under the influence of alcohol and

driving the ATV on a paved street or highway, both acts being contrary to state law. The incident occurred at approximately 9:25 p.m. near the intersection of State Road 291 (SR291) and North McCurdy Road, Ohkay Owingeh, New Mexico. Jane Doe was crossing the road from the south to north side on foot after sunset when Defendant, driving an ATV westbound on SR291 at a high speed and with the headlights off, struck Jane Doe and threw her sixty-nine (69) feet from the impact point.

Witnesses observed Defendant consuming alcohol and driving the ATV recklessly along the road before he hit Jane Doe. Later, an emergency medical technician, an emergency department physician, and a New Mexico State Police Officer noted the smell of alcohol emitting from Defendant and/or observed signs of intoxication from Defendant.

The indictment charges Defendant driving in a reckless manner based on the theory that after having been previously arrested, charged, and convicted of DUI, the Defendant, who was aware of the dangers of driving while intoxicated, again drove under the influence in the assault that caused serious bodily injury to Jane Doe.

On August 25, 2011, Defendant pleaded guilty to Driving Under the Influence of Alcohol in the Municipal Court of the City of Española. See Exhibit 16 to the United States' Third Motion in Limine, filed as Doc. 62. As part of the Judgment and Sentence delivered the same day, Defendant was ordered to attend and successfully complete DWI School, a Substance Abuse Victim Impact Panel, and community service, along with other penalties. *Id*.

The United States intends to introduce evidence of the Defendant's 2011 charge, and conviction for DUI, and therefore seeks a pretrial ruling allowing the admission of such evidence.

2) **Applicable Law**

The defendant is charged with assault resulting in serious bodily injury, an essential element of which is recklessness. See 18 U.S.C. §§ 1153 and 113(a)(6). See also Model Penal Code § 211.1(2)(a) (stating "[a] person is guilty of assault if he ... purposely, knowingly or recklessly causes bodily injury to another."). The United States must prove the Defendant acted with a reckless *mens rea*—driving the ATV recklessly in a prohibited place and while under the influence of alcohol—when he struck Jane Doe causing her life threatening and permanent serious bodily injuries. Indeed, driving under the influence of alcohol is indicative of reckless conduct. *See United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001) ("Put another way, the government must show that Defendant knew that his conduct posed a serious risk of death or harm to himself or others, but did not care."). The prosecution must show that the defendant "knew his conduct posed a serious risk of death or harm to himself or others, but did not care." *Id.*

3) **Discussion**

The Tenth Circuit has previously allowed the government to introduce evidence of a defendant's prior criminal acts, specifically drunk driving convictions, to prove the malice component of second-degree murder in alcohol-related vehicular homicide cases, where the admission of such evidence comports with certain requirements outlined below. *Id.* at 1211. On this point, the court has offered the rationale that, "someone who drives a vehicle after having been convicted of that offense knows better than most that his conduct is not illegal, but entails a substantial risk of harm to himself and others." *United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006) (citing *United States v. Tan*, 254 F.3d 1204 (10th Cir. 2001)) (quotations

omitted). Of course, this is not a prosecution for second-degree murder. However, the Tenth Circuit's precedent is clear in the through-line of precedent: these principles apply not only to those cases where death results, but where the conduct "entails a substantial risk of harm to himself and others." *Id*. Indeed, public policy demands that this assault, which nearly resulted in death, be prosecuted in the same fashion. Defendant should enjoy no safe harbor for the fact that he only *almost* killed Jane Doe, rather than actually ending her life.

### A. REQUIREMENTS FOR ADMISSIBILITY OF EVIDENCE OF A DEFENDANT'S PRIOR CRIMINAL ACTS

The Tenth Circuit has found that evidence of a defendant's prior criminal act is admissible if four requirements set forth by the United States Supreme Court in *Huddleston v. United States*, 485 U.S. 681 (1988), are met: (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted. *Tan*, 254 F.3d at 1207.

The *Tan* Court explained that the introduction of evidence must first meet the "narrow threshold" of Rule 404(b) before a balance of probative value versus possible prejudicial impact is conducted under Rule 403. The United States contends that all four *Huddleston* requirements are met with respect to evidence of Defendant's 2011 DUI conviction.

### B. EVIDENCE OF DEFENDANT'S PRIOR DUI CONVICTION IS OFFERED FOR A PROPER PURPOSE UNDER RULE 404(B)

Federal Rule of Evidence 404(b) provides that evidence of a defendant's "other crimes, wrongs, or acts" is admissible for the purposes of proving motive, opportunity, intent,

4

preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The Tenth Circuit revealed in *Tan* that this is an "illustrative, not exhaustive" list, and held that "[p]rior drunk driving convictions offered to prove the malice component of a second degree murder charge resulting from an alcohol related vehicular homicide are offered for a proper purpose under Rule 404(b)." *Id*. at 1211.

In *Tan*, the district court's rejection of evidence of a defendant's multiple DUI convictions preceding an incident in which he killed one person and seriously injured another while driving under the influence was overturned. The Tenth Circuit found that had the prosecution been permitted to introduce evidence of the defendant's prior convictions, the jury could easily have inferred that defendant was well aware of the risks associated with drunk driving, but "does not care about the risk he poses to himself and others, since he continues to drink and drive," evidence which is strongly supportive of the malice component of second-degree murder. *Id*. at 1211. The court presumed that, "one who drives a vehicle while under the influence after having been convicted of that offense knows *better than most* that his conduct is not only illegal, but that it entails a substantial risk of harm to himself and others." *Id.* at 1210 (emphasis added) (citing *People v. Brogna*, 202 Cal.App3d 700 (1988)). Evidence of the prior convictions was found to be offered as proof of the defendant's mental state during the accident in question, which qualified as a proper purpose under Rule 404(b). *Id*.

Multiple other circuits have conformed in finding evidence of a defendant's prior DUI convictions or arrests admissible under Rule 404(b) where it is offered to prove malice as an element of a second-degree murder charge resulting from intoxicated driving. In *United States v. New*, 491 F.3d 369 (8th Cir. 2007), the Eighth Circuit followed the logic of *Tan.* The court found

that evidence of a defendant's two previous DUI convictions was properly admitted under Rule 404(b) to show that defendant was aware of and disregarded the risks associated with his behavior when he drove intoxicated and caused a single vehicle rollover, killing his two passengers.

The Ninth Circuit found that evidence of a defendant's prior DUI convictions was properly admitted under Rule 404(b) to prove the malice element of second-degree murder, after defendant killed one person and injured another while driving under the influence of alcohol. *United States v. Loera*, 923 F.2d 725, 729 (9th Cir.1991); *see also United States v. Norris*, 649 F. Supp. 2d 968 (D.Az. 2009)(finding evidence of defendant's prior DUI conviction and multiple DUI arrests admissible under Rule 404(b) to prove malice in second-degree murder case where defendant killed bicyclist while driving drunk); *United States v. Chippewa*, 141 F.3d 1180, 1998 WL 123150 (1998) (unpublished) (holding evidence of defendant's "multiple alcohol-related driving incidents" was properly admitted under 404(b) to prove malice aforethought element of second degree murder). Similarly, the Fourth Circuit found evidence of a defendant's prior DUI convictions was properly admitted "to establish that defendant had grounds to be aware of the risk his drinking and driving while intoxicated presented to others," where defendant killed one person while driving under the influence. *United States v. Fleming*, 739 F.2d 945 (4th Cir. 1984).

Julian Garcia, unlike the defendants in *Tan*, *Loera*, *Norris*, *Chippewa* and *Fleming*, is *not* charged with second-degree murder resulting from a vehicular homicide while extremely intoxicated. However, the difference between that charge and assault resulting in serious bodily injury with a reckless *mens rea*, is not a difference of means but only of ends. That is, in this case Jane Doe suffered life-threatening injuries and continues to suffer from serious, permanent, life-

6

changing injuries. It is a miracle that she did not perish when Defendant struck her with the ATV. Thus, the charges are largely analogous except for the final element of Jane Doe suffering serious injury rather than death.

Also analogous to defendants in the precedent cases, defendant Julian Garcia has previously been convicted of driving while intoxicated, and punished for that crime before his drunk driving led to Jane Doe's serious bodily injury. Just as the defendants' prior convictions for the exact act that led to their second-degree murder charges in the cases discussed above were found admissible under Rule 404(b) to prove malice, so too should defendant Garcia's prior DUI conviction be admissible to show he was fully aware of the risks and danger created by his intoxicated driving on July 4, 2019.

The evidence the United States seeks to introduce goes directly toward the defendant's mental state at the time of the accident at issue, which relevant case law reveals is a proper purpose under Rule 404(b). Evidence of defendant Garcia's 2011 DUI conviction is telling of his mental state at the time of the accident: that he was fully aware of the risks of death or serious harm posed by his unlawful conduct. The fact that Julian Garcia had been previously charged and convicted of driving under the influence supports the conclusion that Garcia was not only aware of the risks drunk driving posed to himself and others, but that he blatantly disregarded those risks when he again chose to get behind the wheel before the accident that changed Jane Doe's life forever. This evidence falls within the realm of admissibility under *Tan*, and is thus offered by the United States for a proper purpose under Rule 404(b) to prove the reckless element of assault resulting in serious bodily injury.

### C. THE EVIDENCE IS MORE PROBATIVE THAN PREJUDICIAL UNDER RULE 403

Under Federal Rule of Evidence 403, evidence is admissible unless the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The Tenth Circuit has emphasized that "unfair prejudice" means more than simply damaging a defendant's position at trial, and only occurs where evidence "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to the guilt or innocence of the crime charged." *Tan*, 254 F.3d at 1211-12 (emphasis in original) (citation and quotation omitted).

The Tenth Circuit has stated that a district court "has considerable discretion in performing the Rule 403 balancing test," and has cautioned that exclusion of evidence under Rule 403, which is otherwise admissible is an "extraordinary remedy and should be used sparingly." *Id*. In cases of a second-degree murder charge resulting from a defendant's driving while intoxicated, the Tenth Circuit has found that the probative value of evidence of prior DUI convictions increases where there is no other evidence from which malice can be inferred, and that evidence of prior DUIs that is properly introduced to prove malice has "significant" probative value. *Id*. at 1210-12.

In *Tan*, the Tenth Circuit found that evidence of defendant's prior DUI convictions held high probative value in the absence of any other conduct committed by the defendant "from which malice can be readily inferred" on the day of the accident which led to his second-degree murder charge. *Id*. at 1212. The court found the evidence of prior DUI convictions passed the

8

Rule 403 balancing test in that it was more probative on the element of malice than it was prejudicial, and was admissible under the rule. Similarly, in *Norris*, 649 F. Supp. 2d 968 (D.Az. 2009), the court found that where a defendant was charged with second-degree murder after driving drunk and killing one person, evidence of his "history of incidents related to drunk driving" was directly relevant to proving malice, and therefore more probative than prejudicial. The court held that with a proper limiting instruction given to the jury, any risk of unfair prejudice would be minimized, and evidence of defendant's criminal record would be properly admissible under Rule 403. *Id*. at 973.

In the instant case, like *Tan*, there is no other evidence from which the recklessness component of assault resulting in serious bodily injury can be inferred aside from defendant Garcia's prior DUI conviction, and his excessive intoxication. The accident that harmed Jane Doe was caused by Defendant driving his ATV after dark with the lights off, on a roadway where he didn't belong, while intoxicated. Although there are witnesses who saw the accident and the manner of Defendant's driving directly before the accident, none can speak to his actual *mens rea*. Because there is no other available evidence or testimony with respect to the defendant's actual (as versus inferred or argued) mental state at the time of the collision, his previous DUI conviction remains the only evidence from which malice can be strongly and directly linked and argued. Following the logic of *Tan*, this increases the probative value of the evidence of defendant's prior acts greatly, thus outweighing the possibility for prejudice and rendering the evidence admissible under Rule 403. Additionally, the court may choose to provide a limiting instruction to the jury which, like it did in *Norris*, would protect against any risk of unfair prejudice as a result of the introduction of evidence of the prior conviction.

### D. DEFENDANT'S PRIOR DUI CONVICTION IS RELEVANT EVIDENCE UNDER RULE 401

Federal Rule of Evidence 401 describes relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the act more probable than it would be without the evidence." Fed. R. Evid. 401. The Tenth Circuit has characterized the rule as a "liberal standard" that establishes only a "minimal level of probability." *Leonard*, 439 F.3d at 651.

The Tenth Circuit has found evidence of a defendant's driving record relevant to show malice aforethought when that defendant's driving results in a second-degree murder charge. *Leonard*, 439 F.3d 648. The defendant in that case objected to the prosecution's introduction of evidence of his driving record, which included multiple citations for driving without a license, as the defendant had been when the accident in question occurred. The Tenth Circuit Court of Appeals upheld the district court's finding that the evidence was relevant under Rule 401 and admissible because a jury could infer "that an individual with a record like Mr. Leonard's 'knows better than most' that his conduct is illegal and unsafe, and continues to do so in defiance of that risk," in support of the malice element of second degree murder. *Id*. at. 651. The court equated this case to *Tan*, finding that "citations for driving with a suspended license, like citations for drunk driving, convey to the malefactor our society's considered view that the cited conduct is dangerous." *Id*.

Evidence of defendant Julian Garcia's prior DUI conviction is likewise relevant in the instant case. Similar to the driving citations received by the defendant in *Leonard,* evidence of Mr. Garcia's 2011 DUI conviction is directly relevant to his state of mind at the time of the

accident that severely injured Jane Doe in that it supports the fact that he actively disregarded the significant risks posed by his dangerous conduct, of which he was aware as a result of his previous conviction. In line with Rule 401, this evidence makes the existence of recklessness on the part of Julian Garcia, a "fact that is of consequence to the determination of the act," more probable than not. The evidence of defendant's prior DUI conviction thereby meets the standard for relevance and is admissible under Rule 401 and established Tenth Circuit case law.

**4) Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court enter a pretrial order allowing the United States to introduce evidence of the Defendant's 2011 DUI conviction.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on August 9, 2021*
ALEXANDER F. FLORES
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on August 9, 2021, I
filed the foregoing electronically through the
CM/ECF System, which caused counsel for the
defendant to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/*
ALEXANDER F. FLORES
Assistant United States Attorney