IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                             CR. NO. 20-1370 KWR

JULIAN LUCAS GARCIA, III,

       Defendant.

## DEFENDANT'S RESPONSE TO THE UNITED STATES' OPPOSED ELEVENTH MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR DUI CONVICTION

Defendant Julian Garcia, III, through his counsel of record, Robert J. Gorence of the Gorence Law Firm, LLC, hereby responds to the United States' Opposed Eleventh Motion in Limine to Introduce Evidence of Defendant's Prior DUI Conviction as follows:

Mr. Garcia opposes the government's motion to introduce his 2011 conviction for Driving Under the Influence of Intoxicating Liquor. This attempt by the government, at its heart, violates the central tenant of Rule 404(b) of the Federal Rules of Evidence that "propensity" evidence of something that happened in the past is probative of what currently is the charge at stake. The government obviously does not seek to introduce a ten-year old misdemeanor conviction pursuant to Federal Rule of Evidence 609 because on its face such an attempt would be ludicrous. Instead, the government attempts to introduce the evidence pursuant to Rule 404(b) under the guise that the evidence "goes directly to the defendant's mental state at the time of the accident at issue." *See* Doc. 70 at 7. In this case, the evidence at trial will show that Mr. Garcia was on the ATV for less than 2 minutes before the accident. He had never driven the ATV before. The evidence will show that Mr. Garcia was not impaired at the time of the accident and that Jane Doe was so highly intoxicated that she walked across a state highway with

traffic abounding everywhere and was struck by the ATV in its proper lane at its proper speed. The only mental status in this case is whether or not Mr. Garcia was driving an ATV and knowingly assaulted Jane Doe. The cases in which a prior DUI may be admissible all relate to second degree murder charges where a defendant, while impaired by alcohol, killed someone by virtue of his impaired driving and had a prior DUI. The case law is replete that under those circumstances a jury may infer the mental status of a homicide by virtue of having previously engaged in such reckless conduct. Here, Mr. Garcia is not charged with second degree murder. The only charge applicable is Count 1, Assault Resulting in Great Bodily Injury. Count 1 only requires a general intent to assault Jane Doe. Nothing more, nothing less. The government's attempt to use second degree murder charges to bootstrap admissibility of a prior DUI is unsupported completely in the law.

Rule 404(b) of the Federal Rules of Evidence provides:

> **(b) Other Crimes, Wrongs, or Acts.** -- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

Rule 404(b) states that evidence of other crimes or wrongs may not be introduced against a person to show that, upon a later occasion, he or she acted in conformity with that prior behavior except to prove a number of enumerated issues. A party introducing 404(b) evidence must show that: (i) the evidence is introduced for a proper purpose; (ii) the evidence is relevant; (iii) the evidence has probative value that is not substantially outweighed by the potential for unfair prejudice; and (iv) the party introducing the evidence must precisely articulate the purpose for which the evidence is offered and the court must identify the purpose for which the evidence is admitted. See

> United States v. Hardwell, 80 F.3d 1471, 1488 (10th Cir. 1996)(citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).
>
> Rule 404(b)'s prohibition finds its source in the common-law protection of the criminal defendant from risking conviction on the basis of evidence of his character. See C. Wright & K. Miller, Federal Practice and Procedure: Evidence § 5239, at 428, 436-37 & 439 (1991); United States v. Dudek, 560 F.2d 1288, 1295-96 (6th Cir. 1977). In United States v. Phillips, 599 F.2d 134 (6th Cir. 1979), the United States Court of Appeals for the Sixth Circuit noted, in addressing rule 404(b)'s precepts, that the rule addresses two main policy concerns:
>
>> (1) that the jury may convict a "bad man" who deserves to be punished not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes he probably committed the crime charged.
>
> United States v. Phillips, 599 F.2d at 136.
>
> Accordingly, some courts have found that the standards for admission of evidence to show conduct in conformity with prior conduct relaxed when the defendant attempts to offer rule 404(b) evidence.

Memorandum Opinion and Order, Doc. 61, *United States v. Duran-Moreno,* 08-cr-1971 JB.

Here, the case law the government applies to an assault charge, all apply to a charge not confronted by Mr. Garcia. He is not charged with vehicular homicide as a second degree murder. The government is not obliged to prove malice aforethought. Without malice aforethought, there is not a case anywhere in the government's motion that applies to a case of assault.

Quite illustrative for the Court is Judge Browning's Opinion in *United States v. Timothy Wilson*. A copy is attached for the Court's convenience. There the government sought to introduce Wilson's prior charge of resisting arrest and prior arrest for public intoxication. The Court denied that evidence which clearly would constitute bad character unless Mr. Wilson opened the door and argued that he was physically incapable of raping an 8-year old girl. The door was not opened and Mr. Wilson was completely acquitted of maliciously false accusations.

3

Here, Mr. Garcia denies that he was intoxicated to the slightest degree and there is no proper Rule 404(b) purpose in admitting evidence that is only sought to be introduced to show that he has a bad character.

Respectfully submitted,

GORENCE LAW FIRM, LLC

*/s/ Robert J. Gorence*
Robert J. Gorence
300 Central Avenue SW, Suite 1000E
Albuquerque, NM 87102
Phone: (505) 244-0214
Fax: (505) 244-0888
Email: gorence@golaw.us

*Attorneys for Defendant Julian Garcia*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of August, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Alexander Flores, Attorney for United States
    (alexander.flores@usdoj.gov)


*/s/ Robert J. Gorence*
Robert J. Gorence