IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 20-CR-01370-KWR |
| ) | |
| **JULIAN LUCAS GARCIA III**, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S EMERGENCY MOTION TO CONTINUE THE TRIAL SET FOR SEPTEMBER 13, 2021 OR, IN THE ALTERNATIVE, TO STRIKE DR. CHAD THOMPSON AS AN EXPERT WITNESS

Defendant, Julian Garcia, through his counsel of record, Robert J. Gorence of the Gorence Law Firm, LLC, hereby respectfully submits his Emergency Motion to Continue the Trial Set for September 13, 2021, or, in the Alternative, to Strike Dr. Chad Thompson as an Expert Witness. As grounds for this motion, Mr. Garcia states as follows:

The United States, in compliance with Rule 16, filed two Notice of Intent to Introduce Expert Witness Testimony. The first, Doc. 35, was filed on September 25, 2020, and in that Notice the government listed two possible experts – Dr. Samuel Kleinman and Sgt. Stanley Lundy. Counsel for Mr. Garcia did not object to those tentative experts nor was there a *Daubert* challenge to either. On April 12, 2021, the government filed its Second Notice, Doc. 48, and listed a third possible witness, Dr. Jordan Treworgy. Again, counsel for Mr. Garcia did not object to Dr. Treworgy's testimony as an ER physician.

On July 19, 2021, Doc. 56, the Court granted in part a continuance of the trial and extended several pretrial deadlines. Within that order the Court set trial for September 13, 2021. Additionally, the Court ordered that counsel *shall* exchange and file with the Court witness and

exhibit lists on or before August 16, 2021.  The Court specifically ordered that counsel, "shall adhere to the instructions and case management deadlines as set forth."

The government has now chosen to not comply with those case management deadlines and has filed a Third Notice of Intent to Introduce Expert Witness Testimony.  The government's Third Notice was filed September 2, 2021 (Doc. 108).  In this Notice, the government lists as a previously undisclosed expert witness, Dr. Chad Thomspon.  The government's Notice states as follows:

> Dr. Thompson is Jane Doe's primary care physician.  Dr. Thompson's anticipated testimony includes his medical impressions of Jane Doe including opinions about the severity and permanency of her injuries from being hit by the ATV.  Dr. Thompson may also testify at trial regarding the following matters: Jane Doe's permanent physical impairments – including hemiplegia (paralysis of one side of the body) and her musculoskeletal injuries; the implications of jane Doe's traumatic brain injury and her neurological – including Jane Doe's executive functioning and her inability to perform independent tasks as an adult; Jane Doe's need for round-the-clock in-person care, etc.

Doc. 108, page 3 at ¶ 4.

Dr. Thompson was listed as a *fact witness* on August 16, 2021, in Doc. 81.  Discovery includes medical records of Jane Doe, some of which have been authored by Dr. Thompson.  Dr. Thompson is a family practice doctor in Santa Fe, New Mexico.  As a fact witness, Dr. Thompson could testify that he had a doctor patient relationship with Jane Doe and that he saw her on several occasions in that relationship.  Dr. Thompson could testify only with regard to the care he rendered on the dates that he provided treatment.  What Dr. Thompson could not testify to an opinion about the "severity and permanency" of Jane Doe's injuries nor could Dr. Thompson testify as to the cause of her injuries.  Specifically, Dr. Thompson could not testify that any physical impairments theoretically could be permanent, and he most certainly could not

opine on "the implications of Jane Doe's traumatic brain injury and her neurological…executive functioning."  Finally, Dr. Thompson would not be able to opine as a fact witness with regard to Jane Doe's "inability to perform individual tasks as an adult [and her] need for around-the-clock in-person care."

All of those opinions have never been tendered in a timely fashion as required by the Court's scheduling order and all of those opinions would be and must be tested by Mr. Garcia. Undersigned counsel will obviously have to consult with a medical expert to test Dr. Thompson's opposed opinions at trial.  Mr. Garcia may need to retain an expert to rebut those opinions.  Theoretically, an Independent Medical Examination (IME) may have to be ordered of Jane Doe.  A *Daubert* challenge will be inevitably forthcoming with regard to Dr. Thompson because at first blush it appears inconceivable that a family practice doctor would have the ability to opine on neurological impairment, implications of a traumatic brain injury, future impairment, as well as round-the-clock in-person care.  Additionally, a second *Daubert* challenge would be made against Dr. Thompson's qualifications, education, and background and his ability to render an opinion to tie all of those injuries causally to the accident that occurred.

To allow the government to blatantly flaunt the Court's deadlines and not allow counsel to prepare a meaningful cross-examination and/or the opportunity to rebut expert testimony by an expert retained by the defense would be a fundamental deprivation of Mr. Garcia's Fifth Amendment due process right and Sixth Amendment right to confrontation.  In essence, the government clearly has engineered a strategy to prohibit Mr. Garcia from challenging the tendered opinions of Dr. Thompson.

Counsel for Mr. Garcia has contacted AUSA Flores with regard to a continuance.  AUSA Flores opposes any continuance of this trial which is set for September 13, 2021.  As such, Mr.

Garcia has no alternative but to request this Court to either continue the trial or to strike the testimony of Dr. Chad Thompson.

For the reasons set forth above, the government opposes this motion, notwithstanding a proffer by undersigned counsel that he will be constitutionally ineffective in this case if the Court were to proceed with the trial on September 13, 2021, because counsel has not had a meaningful opportunity to rebut critical expert testimony.

> Respectfully submitted,
>
> */s/ Robert J. Gorence*
> Robert J. Gorence
> Gorence Law Firm, LLC
> 300 Central Avenue SW, Suite 1000E
> Albuquerque, NM 87102
> Phone (505) 244-0214
> Email: gorence@golaw.us
>
> *Attorneys for Defendant Julian Garcia*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of September, 2021, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Alexander Flores, Attorney for United States
(alexander.flores@usdoj.gov)

Kyle Nayback, Attorney for United States
(kyle.nayback2@usdoj.gov)


*/s/ Robert J. Gorence*
Robert J. Gorence