# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

     vs.                                    1:20-cr-01370-KWR

JULIAN GARCIA,

      Defendant.

## ORDER GRANTING MOTION TO EXCLUDE DR. THOMPSON AS EXPERT WITNESS

THIS MATTER comes before the Court upon the Defendant's emergency motion to continue the trial set for September 13, 2021, or in the Alternative, to Strike Dr. Chad Thompson as an expert witness, filed on September 3, 2021 **(Doc. 110)**.  Having reviewed the parties' briefings and considering the applicable law, the Court finds that the Defendant's motion is well taken, and, therefore, is **GRANTED**.  The Court will exclude Dr. Thompson as an expert witness, but he may testify as treating physician fact witness.   Trial will remain as scheduled.

Defendant seeks to exclude Dr. Thompson as an expert witness because he asserts that the expert notice and written summary, filed on September 2, 2021, is late.  On Thursday, September 2, 2021, the Government filed a Third Notice of Intent to Introduce Expert Witness Testimony, listing Dr. Thompson as an expert for the first time.  **Doc. 108.**  The deadline to disclose witnesses was August 16, 2021.  **Doc. 56.**  The Government admits that Dr. Thompson was disclosed on its witness list on August 16, 2021 as a fact witness only, and it did not list him on its expert witness list.  **Doc. 111 at 5, 2** ("On September 2, 2021 the government realized that due to an administrative oversight, Dr. Thompson had been included on its witness list but not on its expert list.").

Therefore, the Government does not appear to dispute that its expert notice on September 2, 2021 was late as to Dr. Thompson.

In deciding whether to exclude an untimely expert witness, the Court considers the following non-exclusive factors: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) "the feasibility of curing the prejudice with a continuance." *United States v. Wicker,* 848 F.2d 1059, 1061 (10th Cir.1988). But these "three factors merely guide the district court and do not dictate the bounds of the court's discretion." *United States v. Russell,* 109 F.3d 1503, 1511 (10th Cir.1997). And while "[t]he court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order," *United States v. Gonzales,* 164 F.3d 1285, 1292 (10th Cir.1999), in some circumstances a district court may "suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the [party entitled to the disclosure] may not be prejudiced" *Wicker,* 848 F.2d at 1061. This is because the admonition that a continuance is preferred "does not mean that a continuance is necessary just because it will cure the prejudice." *Russell,* 109 F.3d at 1512.

As to the first factor, the Court finds that the reason for the delay does not justify the late disclosure eleven days before trial.  The Government has not identified any legitimate reason for a delay. Although the Court usually excludes untimely experts on the basis of bad faith, inadvertence or negligence can justify excluding untimely experts.  *See Wicker*, 848 F.2d at 1061 (holding that despite absence of bad faith, government's "neglect[ ]" of its disclosure duty justified district court's conclusion that this factor weighed in favor of defendant); *United States v. Moya*, 748 F. App'x 819, 823 (10th Cir. 2018) (no abuse of discretion where trial court found no legitimate reason for delay where there was no bad faith); *United States v. Yepa*, 608 F. App'x 672, 678 (10th

2

Cir. 2015) ("Considering these facts, the district court found the government did not act in bad faith. But it concluded the government acted negligently and thus did not have a legitimate reason for the delay in designating the 911 recording on its exhibit list.").

As the Government acknowledges, it only disclosed Dr. Thompson as a fact witness and apparently did not disclose a Rule 16 written summary until Thursday, September 2, 2021.  This was 11 days before trial.  This matter has been pending since June 9, 2020, and Dr. Thompson has been the alleged victim's primary care provider.  The Government previously disclosed its expert witnesses on September 25, 2020, and April 12, 2021.  **Docs. 35, 48**.  The Court sees no legitimate justification for the delay, and the Government has not offered one.

As to the second factor, the Court finds that the delay in noticing Dr. Thompson as an expert witness and providing the written summary caused prejudice to Defendant.  Specifically, the delay impacts the Defendant's ability to prepare or present his case.  *See United States v. Yepa*, 608 F. App'x 672, 679 (10th Cir. 2015) (*"typically, prejudice requires that a delay impact the defendant's ability to prepare or present his case."*).  Dr. Thompson was noticed as an expert 11 days before trial.  Defendant represents, and the Court agrees, that Defendant would be unable to find and prepare a rebuttal expert.  Defendant does not have time to consult with a medical expert or retain a medical expert.  Moreover, the Court finds that Defendant would not have time to prepare an adequate *Daubert* challenge.  The Court also agrees with Defendant that he would not have time to meaningfully prepare a cross-examination or rebut the expert testimony by retaining an expert.

The Government argues that Defendant has been on notice that Dr. Thompson will testify, and therefore there was no prejudice.  The Court disagrees.  Dr. Thompson was only noticed as a fact witness, and the Government has not shown that a treating physician fact witness may testify

as to the same matters as an expert witness.  The Government did not include Dr. Thompson on any of its earlier filed expert notices, and instead included Dr. Thompson as a fact witness.  Fact and expert witnesses generally testify on different matters, and likely entail different preparation in examining or rebutting their testimony.  *See, e.g., United States v. Moya*, 748 F. App'x 819, 824 (10th Cir. 2018) (defendant may still be surprised even though government included witness on list but failed to notice as expert).  Therefore, the Court finds that Defendant was likely surprised and prejudiced by the late disclosure of Dr. Thompson as an expert witness.

The Court notes that at a pretrial conference defense counsel acknowledged the Court's case management deadlines and voluntarily withdrew an expert. The Court finds it would be unfairly prejudicial to the defense if it allowed the Government to present expert testimony which it did not previously disclose according to case management deadlines.

As to the third factor, the Court notes that the Government is not requesting a continuance. **Doc. 111 at 8** ("The United States is not seeking a continuance of the trial date due to the prejudice that the United States faces as the witnesses' memories of past events continue to fade, and the potential difficulty in finding a date when all witnesses, counsel, and the Court will be available."). The Government appears to request that the Court (1) decline to exclude Dr. Thompson as an expert and (2) keep the scheduled trial date.  The Government does not request that the Court alternatively continue trial.  Therefore, it appears that this factor is irrelevant.

Alternatively, even if the third factor were relevant, the Court concludes that a continuance is not appropriate or feasible under these circumstances.  "In applying the third *Wicker* factor, a district court must consider whether a continuance is a feasible way to cure the prejudice."  *United States v. Moya*, 748 F. App'x 819, 824 (10th Cir. 2018) (district court did not abuse discretion in concluding that "a continuance wasn't feasible, in large part because of its own significant "docket

and scheduling limitations.").  The Government has not argued that a continuance would cure prejudice in this case.

"To say that a continuance is *typically* appropriate, however, must mean that exclusion is permissible in some circumstances. Thus, even when a continuance is possible, the district court may consider the impact of a continuance on the court's calendar, on the jurors, on the integrity of a court's orders, and whether a continuance might create other problems." *United States v. Yepa*, 608 F. App'x 672, 679 (10th Cir. 2015), *citing Wicker,* 848 F.2d at 1061.

This case has been pending since June 2020 and trial has been continued several times. Jurors have already been summoned.  Neither party has argued or shown that speedy trial would be tolled if the Court ordered a continuance.  Even if speedy trial were tolled, the COVID-19 pandemic has created a backlog in cases on the Court's calendar.  It simply is not feasible to reset this case in a timely manner.  The Court finds that the delay in resetting this case would be prejudicial to the defendant and to the public.  Allowing a continuance would violate the integrity of the Court's orders, which were set with the expectation of a firm trial date, and which the parties have largely adhered to.  The Court has already issued orders based on those case management deadlines.  Moreover, the Government appears to oppose continuance due to the impact on witnesses' ability to testify and the difficulty in scheduling witnesses, counsel, and the Court.

Weighing these factors and the totality of the circumstances, the Court concludes that the appropriate remedy for the late disclosure of Dr. Thompson as an expert is excluding his expert testimony.  However, Dr. Thompson was timely disclosed as a fact witness and may testify as a treating physician.  *See, e.g., Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party.").

**IT IS THEREFORE ORDERED** that Defendant's emergency motion to continue the trial set for September 13, 2021, or in the Alternative, to Strike Dr. Chad Thompson as an expert witness, filed on September 3, 2021 **(Doc. 110)** is **GRANTED.**  Dr. Thompson is excluded as an expert witness but may testify as a treating physician fact witness.  Trial will remain on the September 13, 2021 docket.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE