IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 20-01370-KWR |
| ) | |
| vs. ) | |
| ) | |
| **JULIAN GARCIA III**, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS MATTER** came before the Court on the United States' Seventh Motion *in Limine* for Judicial Notice and for a Judicial Determination of Indian Country Land Status. Doc. 66. Having considered the justification for the judicial determination, judicial notice, and Jury Instruction set forth in the Motion, the Court finds that the Motion is well-taken and should be **GRANTED**.

**THE COURT THEREFORE FINDS** that the GPS coordinates describing the land on which the alleged crimes occurred, being 36°01'40.6"N 106°03'28.4"W, on the date listed in the Second Superseding Indictment (Doc.54), describe a location within the exterior boundaries of the Ohkay Owingeh Pueblo, Section 26, Township 21N., Range 8E, NMPM, within the San Juan Land Grant, Rio Arriba County, New Mexico. This land is held in restricted land status by the United States of America for benefit of the Ohkay Owingeh Pueblo, a federally recognized Indian Tribe. Accordingly, this location is within "Indian Country" as that term is defined by federal law pursuant to 18 U.S.C. §§ 1151 and 1152.

**THE COURT WILL INSTRUCT THE JURY** that:

The land within the exterior boundaries of Ohkay Owingeh Indian Reservation is Indian Country. You are instructed that the alleged crimes occurred within Indian Country if you find beyond a reasonable doubt that such crimes occurred within the exterior boundaries of Ohkay Owingeh.

*[signature]*
THE HONORABLE KEA W. RIGGS
United States District Judge