IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                          1:20-cr-01370-KWR

JULIAN GARCIA, III,

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE**

THIS MATTER comes before the Court upon the Government's Second Motion in Limine **(Doc. 61).** The motion had multiple parts, and the Court granted the motion in part. **Doc. 97.** The Court reserved ruling on subsections K and L of the motion. *Id.* The Court now addresses those subsections.

**I.**     **Subsection K: Contributory Negligence.**

In Subsection K, the Government sought to prevent the Defendant from arguing or presenting evidence that the victim was contributorily negligent. Defendant objected. While conceding that a contributory negligence argument has no place in a criminal trial, he asserted he has the right to argue that he was not impaired and any impairment did not cause the accident. In other words, Defendant contests both the intent element, recklessness, and the causation element.

The Court agrees with Defendant that he should be allowed to contest whether he was intoxicated and whether his intoxication caused the collision or injuries to the alleged victim. *See State v. Finch*, No. 30,706, 2012 WL 5838727, at *4 (N.M. Ct. App. Oct. 30, 2012) ("Defendant argues that the jury could have convicted Defendant because he was driving while intoxicated and

was the "but for" cause of the accident, without also finding that the *intoxication,* rather than negligence or even error by the motorcyclist, caused the accident."), *citing State v. Munoz,* 1998–NMSC–041, ¶ 13, 126 N.M. 371, 970 P.2d 143 ("[T]he [s]tate had to make a causal connection between [the d]efendant's actions and the fatal collision or else [the d]efendant was to be acquitted."); *see State v. Sisneros,* 42 N.M. 500, 505, 82 P.2d 274, 277 (1938) (discussing the precursor to the current vehicular homicide statute and stating, "If the defendant killed [victim] while committing the unlawful act of driving an automobile while under the influence of intoxicating liquor, he is not guilty of manslaughter unless the commission of that unlawful act was the proximate cause of the death of [victim].").

Similarly, for the assault charge, Defendant argues he will present evidence that he was not intoxicated and did not have the requisite reckless intent. Rather, he appears to argue that the victim was intoxicated and caused the collision. Generally, Defendant must be allowed to present evidence relevant to the intent and causation elements. The Court does not opine on the admissibility of any specific evidence, as it is not currently before the Court.

The Court concludes that evidence of the victim's role in the collision may be relevant to the intent element or causation. Therefore, any reference to the phrase "contributory negligence" shall be excluded, but Defendant may present evidence and argument that the alleged victim caused the accident, or Defendant was not reckless.

**II.**     **Subsection L: Medical Records of Victim's Blood Ethanol Level.**

Under subsection L, the Government seeks to exclude medical records indicating that the victim was intoxicated, specifically evidence regarding the victim's blood ethanol level recorded at the hospital after the collision. The Government argues that the evidence is inadmissible

hearsay, irrelevant, and violates the Victims' Rights Act, 18 U.S.C. § 3771(a)(8). The Court disagrees and will not exclude the medical records at this time.

First, the Court is not prepared at this time to exclude the medical records under the hearsay rule. Defendant did not specifically address the Government's hearsay argument. *See* **Doc. 85 at 3.** The Government argues that the medical records are not admissible under FRE 803(4), because they do not include a statement by the victim that is made for medical diagnosis or treatment. The Court agrees with the Government that the medical records are not a statement by the victim made for medical diagnosis or treatment, and therefore does not fall within hearsay exception FRE 803(4). This hearsay exception generally covers statements made by a patient during the course of treatment, and Defendant has not argued or shown that it covers medical records not containing a statement by a patient. *United States v. McHorse*, 179 F.3d 889, 900 (10th Cir. 1999) ("Jane Doe E's out-of-court statements fell within the Rule 803(4) exception to the hearsay rule which applies to statements made for purposes of medical diagnosis or treatment."); *United States v. Edward J.*, 224 F.3d 1216, 1219 (10th Cir. 2000) ("The rationale behind the Rule 803(4) exception is that because a patient's medical care depends on the accuracy of the information she provides, the patient has a selfish motive to be truthful; consequently, a patient's statements to her physician are likely to be particularly reliable.").

However, the medical records may be admissible under FRE 803(6), if the Defendant makes the appropriate showing. Rule 803(6) of the Federal Rules of Evidence excepts from hearsay:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

>    **(C)** making the record was a regular practice of that activity;
>    **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>    **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.
>    Fed. R. Evid. 803(6) (bold in original).

"Medical records are admissible if they satisfy rule 803(6)'s requirements." *Walker v. Spina*, No. CV 17-0991 JB\SCY, 2019 WL 418420, at *2 (D.N.M. Feb. 1, 2019), *citing* Fed. R. Evid. 803 advisory committee's notes (explaining that "the rule specifically includes both diagnoses and opinions, in addition to acts, events, and conditions, as proper subjects of admissible entries" to "make clear" that "medical diagnoses, prognoses, and test results" are admissible).

The medical records are clearly a record of a condition, opinion, or diagnosis, and may be admissible if Defendant makes the requisite showing under FRE 803(6)(A)-(E). Defendant has not yet done so.

Second, the Government argues that the records are irrelevant. The Court disagrees, and concludes that medical records tend to make a fact of consequence in determining the action more or less probable than it would be without the medical records. FRE 401. For the reasons stated above, the medical records bear on the victim's alleged intoxication and may be relevant to both the Defendant's intent and causation.

The Government argues that the rapid tests are not reliable and cannot accurately tell whether a person is intoxicated. At this time, the Court believes that this goes to the weight of the evidence.

Finally, the Government argues that the victim has the right "to be treated with fairness and with respect for her dignity and privacy," 18 U.S.C. § 3771(a)(8), which should preclude admission of the medical records at trial.

This Court has previously noted as follows:

4

> In the Tenth Circuit, "[t]here is no dispute that confidential medical information is entitled to constitutional privacy protection." *A.L.A. v. W. Valley City*, 26 F.3d 989, 990 (10th Cir. 1994). The Circuit has readily and repeatedly acknowledged that "medical records, which may contain *intimate facts of a personal nature*, are well within the ambit of materials entitled to privacy protection, ...." *Ortlieb v. Howery*, 74 Fed.Appx. 853, 856 (10th Cir. 2003) (quoting *Lankford v. City of Hobart*, 27 F.3d 477, 479 (10th Cir. 1994) ); *Livsey v. Salt Lake Cty.*, 275 F.3d 952, 956 (10th Cir. 2001) ("[A]n individual's expectation of privacy for constitutional purposes is legitimate only if the information is highly personal or intimate." (citation and quotation marks omitted) ). Furthermore, the Crime Victims' Rights Act requires that victims are treated with fairness, and with respect for their dignity and privacy, 18 U.S.C. § 3771(a)(8), which are interests also at stake in the disclosure of Jane Doe's medical records.

*United States v. Tsethlikai*, No. 18-CR-1392-WJ, 2018 WL 3801248, at *2 (D.N.M. Aug. 9, 2018).

The Government has not cited to any case applying this statute to exclude relevant evidence from trial. The Court does not read the Victims' Rights Act to prohibit a defendant from putting on evidence which appears to be relevant to whether the victim caused the accident or whether the Defendant had the requisite state of mind. Therefore, the Court will not exclude the medical records on this basis but will allow the parties to propose reasonable measures to treat the victim fairly and with respect.

### III.   Court will reserve ruling on Government's Eleventh Motion in Limine.

At the pretrial conference on August 19, 2021, the Court reserved ruling on the Government's Eleventh Motion in Limine. **Doc. 70.** In that motion, the Government seeks to admit the Defendant's prior DUI conviction under FRE 404(b). At the September 8, 2021 pretrial conference, the parties asked for a ruling before trial.

Evidence of Defendant's prior criminal acts is admissible if the four requirements set forth in *Huddleston v. United States*, 485 U.S. 681 (1988) are met: (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court, upon request, instructs the jury to consider the evidence only

for the purpose for which it was admitted. *See United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

The Court will continue to reserve ruling on the Government's Eleventh Motion in Limine until trial. *See* **Doc. 70.** Although the Court believes that the evidence is offered for a proper purpose under FRE 404(b), it unable to conduct a proper FRE 403 analysis in a vacuum. *See United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001) (listing *Huddleston* factors, which requires court to conduct a FRE 403 analysis).

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE