IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                1:20-cr-01370-KWR

JULIAN GARCIA, III,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Objections and Amended Objections to the Presentence Investigation Report **(Docs. 144, 149),** and the Government's Motion for Upward Departure or in the Alternative Variance **(Doc. 145)**. The Court held a sentencing hearing on June 22, 2022 and heard argument on Defendant's objections to the presentence investigation report ("PSR") and the Government's motion for an upward departure or variance. Having reviewed the parties' briefs and the applicable law, the Court finds Defendant's objections are well taken in part and, therefore, are **SUSTAINED IN PART** and **OVERRULED IN PART.** Moreover, the Court finds the Government's Motion well-taken in part, and therefore **GRANTED IN PART**.

Specifically, the Government has failed to show by a preponderance of the evidence that Defendant caused the victim's death. The Court denies the Government's request for an upward departure, but will grant in part its request for an upward variance. For the reasons stated herein and at the June 29, 2022 sentencing hearing, after weighing the 18 U.S.C. § 3553(a) factors, the

Court finds that a sentence of sixty months imprisonment is sufficient but not greater than necessary to satisfy the goals of sentencing.

## BACKGROUND

On July 4, 2019, at 9:25 p.m. spectators were celebrating the holiday and standing along the roadside of State Road 291 to watch the fireworks. Defendant was driving an ATV while intoxicated on the highway when he struck and severely injured the victim in this case. The victim suffered severe, permanent, and life-altering injuries. Several witnesses testified at trial that Defendant was driving erratically.

A jury convicted Defendant of all counts in the Second Superseding Indictment, which consisted of the following:

> Count 1: Assault resulting in serious bodily injury, in violation of 18 U.S.C. § 1152 and § 113(a)(6);
>
> Count 2: Operating an Off-Highway Vehicle while under the Influence of Intoxicating Liquor or Drugs Resulting in Bodily Injury in violation of 18 U.S.C. § 1152 and N.M. Stat. Ann. § 66-3-1010.3(A)(2); and
>
> Count 3: Operating an Off-Highway Vehicle on a Paved Street or Highway resulting in Bodily Injury in violation of 18 U.S.C. § 1152 and N.M. Stat. Ann. § 66-3-1011

*See* **Doc. 130** (redacted jury verdict).

The victim died several months after the verdict in this case, on November 9, 2021.

## DISCUSSION

**I.     Court sustains in part and overrules in part Defendant's objections to the PSR.**

At the sentencing hearing, Defendant focused on two factual objections to the PSR. He argued that (1) the posted speed limit was 45 MPH and not 35 MPH, and (2) the Government failed

to show by a preponderance of the evidence that the victim's death resulted from Defendant's actions. At the hearing, Defendant stated that his other objections were resolved by the Second Addendum to the PSR **(Doc. 152),** or he did not request an evidentiary hearing on them. Therefore, the Court assumes these other objections are no longer at issue.

Rule 32(i)(3)(B) requires a sentencing court to make one of two possible determinations whenever any portion of a PSR is "disputed." Fed.R.Crim.P. 32(i)(3)(B). A court must either "rule on the dispute" or "determine that a ruling is unnecessary." Fed.R.Crim.P. 32(i)(3)(B). *United States v. Warren*, 737 F.3d 1278, 1285 (10th Cir. 2013). "Rule 32(i)(3)(B) applies only if facts in the PSR are disputed by specific objection." *See United States v. Waseta,* 647 F.3d 980, 989 n. 6 (10th Cir.2011) ("Though Mr. Waseta made a general, unspecified objection to 'allegations in the [PSR] that have been suggested as [grounds for] a possible upward variance' ... this sort of general objection is inadequate to trigger a district court's factfinding obligation under Rule 32." (alterations in original)). Moreover, a defendant does not "dispute" a PSR's recitation of facts unless he presents "information to cast doubt on" the facts. *United States v. Yates,* 22 F.3d 981, 989 (10th Cir.1994). "If a PSR is *not* disputed in this fashion, it is well established that a district court is free to rely on the PSR at sentencing." *United States v. Warren*, 737 F.3d 1278, 1285–86 (10th Cir. 2013); *see United States v. Mateo,* 471 F.3d 1162, 1166 (10th Cir.2006) (affirming upward variance where the district court relied on uncontested facts included in the PSR).

The Government must prove disputed facts by a preponderance of the evidence. *United States v. Munoz-Tello*, 531 F.3d 1174 (10th Cir. 2008). "The district court may base its findings of fact at sentencing on evidence presented at trial, undisputed statements in the PSR, and evidence presented at the sentence hearing." *United States v. White*, 663 F.3d 1207, 1216 (11th Cir. 2011); *see, e.g., United States v. Begaye*, 163 F. App'x 669, 672 (10th Cir. 2006) ("The evidence presented

at trial supports the district court's conclusion that Mr. Begaye served in an organizing or supervisory capacity over Pergeson and Hahn.").

The PSR stated that the victim's death was the result of injuries sustained in the crash. **Doc. 138 at ¶ 18 (PSR)**; **Doc. 152 at 2** (second addendum to PSR addressing objection). Because the Defendant disputed this fact, the Government bears the burden of showing Defendant caused the victim's death by a preponderance of the evidence. The victim died on November 9, 2021, approximately two and half years after the collision in this case. The Government primarily points to a one-page document produced by the Office of the Medical Investigator, which states that the cause of death was head and neck injuries. It states that the injury occurred in a motor vehicle crash. **Doc. 146-1 at 1.** The exam was conducted in absentia. *Id.*

The Court does not find this document sufficiently persuasive to establish that Defendant caused the victim's death by a preponderance of the evidence. There is nothing in the record explaining the basis for the OMI's finding, or the how attending pathologist came to this conclusion. No one testified as to the basis of this finding. The Government argues that a medical investigator or pathologist reviewed the victim's medical records and came to this conclusion. However, the OMI report does not reflect what the pathologist reviewed or how the pathologist came to this conclusion. Therefore, the Court sustains Defendant's objection to the PSR and finds that the Government did not show by a preponderance of the evidence that Defendant caused the victim's death.

Moreover, Defendant objects to the assertion that the posted speed limit was 35 MPH. He asserts that the posted speed limit was 45 MPH. The Government does not object to an amendment to the PSR stating that speed limit was 45 MPH. **Doc. 151 at 2.** Therefore, the Court will assume that the posted speed limit was 45 MPH. However, as argued by the Government and explained

in the second addendum to the PSR, **Doc. 152 at 4**, this does not prohibit the Court from finding that Defendant drove at a rate of speed that was excessive given the conditions. The posted speed limit has slight relevance, given that Defendant was driving an ATV which was not authorized to be the road. **Doc. 152 at 4.**

II.     <u>**Court declines to depart upward.**</u>

The Government requests that the Court depart upward (1) because the instant offense resulted in the victim's death, USSG § 5K2.1, and (2) Defendant's actions caused significant endangerment to public safety under USSG § 5K2.14.

The sentencing guidelines allow for a departure under USSG § 5k2.1 for the death of a victim as follows:

> If death resulted, the court may increase the sentence above the authorized guideline range.
>
> Loss of life does not automatically suggest a sentence at or near the statutory maximum. The sentencing judge must give consideration to matters that would normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation. Other appropriate factors are whether multiple deaths resulted, and the means by which life was taken. The extent of the increase should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction, as determined by the other Chapter Two guidelines, already reflects the risk of personal injury. For example, a substantial increase may be appropriate if the death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud.

USSG § 5K2.1. As explained above, the Court declines to depart upward under USSG § 5K2.1, because the Government failed to show by a preponderance of the evidence that Defendant caused the victim's death.

The Government also seeks an upward departure pursuant to USSG § 5K2.14, which provides that if "[public] safety was significantly endangered [by the defendant's conduct], the court may increase the sentence above the guideline range to reflect the nature and circumstances

of the offense." USSG § 5K2.14.  Exercising its discretion, the Court declines to depart upward under § 5K2.14.

### III.     Court will vary upward.

The Government alternatively requests that the Court vary upward from the guidelines to the maximum sentence, 120 months' imprisonment.  The Court "shall impose a sentence sufficient, but not greater than necessary" to satisfy the goals of sentencing.  18 U.S.C. § 3553(a).  The Court has considered all of the sentencing factors under 18 U.S.C. § 3553(a).  Upon weighing the § 3553(a) factors, the Court finds that a sentence of 60 months' imprisonment is sufficient but not greater than necessary to satisfy the goals of sentencing, as explained below.

The Court rejected the Government's request for an upward departure, therefore the parties appear to agree that a correctly calculated guideline imprisonment range is 37 to 46 months.  **Doc. 138 at ¶ 64.**  Given all the relevant circumstances and § 3553(a) factors, the Court finds a guideline sentence is not sufficient to satisfy the goals of sentencing.  "[A]lthough the 'Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in [18 U.S.C.] § 3553(a), subject to appellate review for 'reasonableness.' " *Pepper v. United States*, 562 U.S. 476, 490 (2011) (quoting *Gall*, 552 U.S. at 49–51) (alteration added).  Any sentence the district court chooses to impose—whether it is within the Guidelines range or not—must comport with the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

"[S]entencing courts 'should engage in a holistic inquiry of the § 3553(a) factors.' " *United States v. Lente*, 759 F.3d 1149, 1174 (10th Cir. 2014) (quoting *Lopez–Macias*, 661 F.3d at 492). "A district court must consider the extent of the deviation [from the Guidelines] and ensure that the justification is sufficiently compelling to support the degree of the variance. A major variance

should have a more significant justification than a minor one. Nevertheless, the Court has rejected an appellate rule that requires extraordinary circumstances to justify a sentence outside the Guidelines range and the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Lente*, 759 F.3d at 1158 (internal citation and quotation marks omitted) (alternation in original).

"[I]t [is] quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. Moreover, [the Tenth Circuit] does not demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005) (quoting *United States v. Contreras–Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005)) (alteration in original).

The record reflects that Defendant drove while intoxicated and caused permanent and life-threatening injuries to the victim. It also reflects that Defendant drove extremely recklessly given the conditions. The highway was dark and crowded, and he did not have his headlights on. The ATV was not authorized to be on the highway. Moreover, Defendant was aware of the dangers of driving while intoxicated, given that he has a prior DWI conviction and took a DWI course. Although the Court has considered all § 3553(a) factors, the Court finds that the following factors especially support a sentence of sixty months' imprisonment:

- The nature and circumstances of the offense and the history and characteristics of the defendant; and
- The need for the sentence to imposed –
    o to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    o to afford adequate deterrence to criminal conduct; and
    o to protect the public from further crimes of the defendant.

7

As noted above, the Court assumes that the posted speed limit was 45 MPH, and Defendant drove under the posted speed limit at approximately 37 MPH.  **Doc. 138 at ¶ 9.**  However, as an officer testified, drivers would have driven more slowly in the dark and crowded conditions.  **Doc. 138 at ¶ 9.**  Moreover, Defendant was not authorized to drive the ATV on a highway.

Multiple witnesses also testified that defendant was driving recklessly on the day of the incident.  *See* **doc. 138 at ¶12-16.**  One witness testified that he was driving the ATV erratically, and she would not let her granddaughter play near the road because of him.  Another witness testified that he erratically drove the ATV and became more erratic as the evening progressed.  **Doc. 152 at 2.**

Here, the Court finds that Defendant was extremely reckless as he drove at a high rate of speed through a crowded roadway.  The testimony established he drove erratically, he drove while intoxicated, and he drove without his headlights on. Finally, he drove a vehicle which was not authorized for driving on a roadway.  Although the Court assumes he was not driving above the posted speed limit, the record reflects that he was not driving at a safe speed given the conditions of the roadway.

Moreover, the trial evidence and PSR established that Defendant's actions caused permanent and life-threatening injuries to the victim.  She suffered numerous major surgeries and long term stays in the hospital and ICU.  **Doc. 138 at ¶ 17.**  It is clear she never fully recovered.  The victim suffered a traumatic brain injury that resulted in cognitive impairments and memory loss.  Moreover, she was no longer able to care for herself.  *Id.*

Defendant appears to assert he was not intoxicated at the time of the collision.  The Court disagrees and finds that Defendant operated the ATV while intoxicated, and his intoxicated driving of an unauthorized vehicle resulted in the victim's injuries. The jury concluded beyond a

reasonable doubt that Defendant operated the ATV while under the influence of alcohol. *See* **doc. 130** (redacted jury verdict). For example, to find Defendant guilty under Count Two, the jury was required to find in part that the defendant (1) operated an off-highway vehicle while under the influence of intoxicating liquor and (2) as a result of this unlawful act, the Defendant caused bodily injury to the victim. **Doc. 127 at 15.**

It was clear from the testimony of the EMT and the doctor that Defendant was under the influence at the time of the crash. An EMT testified that Defendant admitted to drinking alcohol and that he refused to answer normal questions to assist with his treatment. The EMT testified that Defendant smelled of alcohol, was not tracking with his eyes, and his speech was sluggish. He appeared intoxicated to the EMT. **Doc. 152 at 1-2.** Moreover, a doctor testified that he was suffering alcohol induced nystagmus and ataxia. He could not stand independently and he exhibited multiple signs of impairment. **Doc. 138 at ¶ 12-16.**

Driving under the influence is not an aberration for Defendant. Defendant had a previous conviction for DWI and took a DWI course. **Doc. 138 at 9** (DWI conviction); **Doc. 138 at 13** (DWI course). This suggests that Defendant was aware of the dangers of drinking and driving.

Considering the relevant facts and weighing all § 3553(a) factors, the Court finds that a sentence of 60 months' imprisonment is sufficient but not greater than necessary to satisfy the goals of sentencing.[1]

**IT IS THEREFORE ORDERED** that Defendant's Objections and Amended Objections to the Presentence Investigation Report **(Docs. 144, 149)** are **SUSTAINED IN PART** and **OVERRULED IN PART**.

---

[1] The Court also incorporates the findings made on the record at the June 29, 2022 sentencing hearing.

**IT IS FURTHER ORDERED** that the Government's Motion for Upward Departure or in the Alternative Variance **(Doc. 145)** is **GRANTED IN PART** and **DENIED IN PART.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE